WILLIAM F. MAHON et al.

v.

JAMES H. B. DALY.

1. CONTRACT TO GIVE EMPLOYMENT—*whether it must be mutual.* Where, by the terms of a contract, the defendant covenanted to employ the plaintiff for a definite time, it is wholly immaterial, in a suit for wages on such contract, whether the plaintiff agreed in said contract to serve the defendant during the time specified or not, if he, in fact, was ready and offered to do so.

2. MEASURE OF DAMAGES — *for breach of contract to give employment.* The defendant entered into a contract with the plaintiff to employ him, at a specified rate per month, for a definite length of time. The plaintiff entered upon the employment, but before the expiration of the time, the defendant discharged him. The plaintiff thereupon sued, claiming pay, at the rate fixed by the contract, for the length of time he had served: *Held,* it was not error to exclude evidence offered by the defendant as to the value of plaintiff's services.

3. If, however, the plaintiff had gone upon the *indebitatus* count, on the theory that the contract had been rescinded, he would have been confined, in his recovery, to the *quantum meruit,* and the evidence as to the value of the services, offered by the defendant, would have been competent.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Daly and the Mahons had been co-partners in the wholesale millinery business, and, August 27, 1872, they entered into an agreement, under seal, for a dissolution of their co-partnership, Daly thereby transferring to the Mahons all his interest in the partnership property, and they agreeing to indemnify him against all the liabilities of the firm. As a part of that agreement, was the following:

"And in consideration thereof, the said William F. Mahon and Joseph J. Mahon hereby promise, undertake and agree, to and with the said James H. B. Daly, to assume all the lawful debts, liabilities and obligations of said firm of Mahon, Daly & Company, of every kind and nature, wheresoever,

654       Mahon *et al.* v. Daly.       [Sept. T.

Statement of the case.

heretofore and hereafter incurred, and to pay, satisfy and discharge the same, and also to save, indemnify and hold harmless the said James H. B. Daly of and from all individual liability of, upon or by reason of any debt, obligation or liability of said firm to any other person, corporation or firm, incurred by said James H. B. Daly by reason of his connection with said firm of Mahon, Daly & Company; and the said William F. Mahon and Joseph J. Mahon hereby further agree with said James H. B. Daly to hire and employ him, said James H. B. Daly, as ———, in any business which may be carried on by them, until the first day of January, eighteen hundred and seventy-three, and that said James H. B. Daly will continue in such employment until said date, and perform the duties thereof; and that said William F. Mahon and Joseph J. Mahon shall and will, during the term of such employment, pay to said James H. B. Daly a salary and compensation, for his services as such ———, at the rate of one thousand two hundred and fifty dollars per month, payable semi-monthly, upon the full and satisfactory performance of such services by said James H. B. Daly."

Daly went into their employment as salesman and clerk, soon after the dissolution, and so continued until October 1, 1872, when the Mahons discharged him, whereupon he brought his action upon the contract, setting it out *in hæc verba*, to recover for his services up to the time of being discharged, according to the price or terms fixed by the contract. The parties having waived a jury, the case was tried, by consent, before the court. On the trial, the defendants gave evidence tending to show that Daly was inattentive to his duties, and sometimes came into the store under the influence of intoxicating drinks, as showing causes for his discharge. The evidence, as to those matters, was conflicting, and the court finding the issues for plaintiff, assessed his damages at $573.90, and, overruling defendants' motion for new trial, gave judgment against them for that amount, and they appealed to this court.

Mr. B. D. MAGRUDER, for the appellants.

Messrs. NISSEN & BARNUM, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This action, as we understand it from an examination of the pleadings and evidence, was not brought by Daly to recover damages for a wrongful discharge from service, by the Mahons, before the expiration of the time for which they had agreed to employ him, nor to recover the stipulated wages for the whole of that time, but simply for the balance alleged to be due, according to the terms of the contract, for the time during which he was in their actual service.

The declaration contains counts upon the special agreement, alleging, as breach, the non-payment of the wages specified, and has, also, the *indebitatus* counts for work and labor. If, however, the plaintiff had gone upon the *indebitatus* counts, on the theory that the contract had been rescinded, he would have been confined, in his recovery, to a *quantum meruit*. In that case, the evidence offered by the defendants bearing upon the value of plaintiff's services would have been admissible, and there would be error in its exclusion; but the case was, in fact, tried upon no such theory. The contract, instead of being treated as rescinded, was regarded as open and still in force, so far as the plaintiff's theory of the case was concerned. The defendants, it is true, endeavored to establish that plaintiff had committed such a breach of his implied obligations as to justify them in treating the contract as at an end, and discharging him from service. There was a direct conflict of evidence as to the fact of misconduct, upon which defendants assumed to exercise their right of rescission. The question of the credibility of witnesses, the duty of passing upon and reconciling or rejecting the conflicting evidence, were matters for the court, sitting in the place of a jury, with whose finding we can not interfere.

In the view we take of the case, the question whether the plaintiff agreed to serve the defendants until the first of January, 1873, is wholly immaterial, for it is clear, from the terms of the agreement, that the defendants covenanted to employ him until that time, at a salary of $1250 per month, payable semi-monthly. The evidence tends to show that the plaintiff was ready and offered to perform during the whole time, but that he was prevented from so doing by the acts of the defendants.

The court, sitting in the place of a jury, found the facts in plaintiff's favor, and we perceive no objection, upon legal grounds, to the finding.

The judgment of the court below will be affirmed.

*Judgment affirmed.*