Gaffield v. Scott.

## ELI GAFFIELD

v.

## ROBERT SCOTT ET AL.

*Sales—Goods for Family Consumption—Husband and Wife—Purchases by Wife—Promise to Pay by Husband—Evidence—Burden of Proof—Instructions.*

1. This court can not pass upon an alleged erroneous ruling touching the introduction of certain evidence, in the absence of information as to what the answer to the question asked, and to which an objection was sustained, would have been.

2. In an action for the recovery of a sum claimed to be due for goods furnished for family consumption, this court holds that the trial court erred in refusing to give in behalf of the defendant certain instructions, touching the necessity for a consideration to support a promise to pay, and the liability of a husband for debts contracted by his wife.

[Opinion filed June 4, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. A. N. WATERMAN, Judge, presiding.

Mr. HENRY HIESTAND, for appellant.

Mr. H. C. BENNETT, for appellees.

MORAN, J.  This action was commenced against appellant and his wife, and the special counts in the declaration were for goods, wares and merchandise sold and delivered to defendants, " the same being for the expenses of the family of said defendant, and delivered to and so used by said defendants," and there were also the common counts.  Upon the trial the action was dismissed as to the wife, and proceeded to verdict and judgment against appellant.  The proof was that the goods were purchased by the wife, but there was no proof as to the delivery of the goods to any person or at any place. There was some evidence weakly tending to show that appel-

lant, when the bill was presented to him, promised to pay it, but on this point there was a decided conflict.

A witness named Graham, a son-in-law of Mrs. Gaffield, called by appellant, was asked by appellant's counsel the following questions:

Q. "Have you examined the account in the declaration for the purpose of ascertaining when certain articles were delivered, that are marked there as delivered at a certain number on Indiana street?

A. "Yes, sir.

Q. "Who resided there?

A. "Franklin Graham and Angela W. Graham.

Q. "Were those goods delivered and for whose use were they delivered and by whom were they used?

(Objection sustained and exception by defendant.)

Q. "Now, Mr. Graham, do you know to whom the goods mentioned in the bill of particulars filed in this case, were delivered by this plaintiff's firm?

A. "Yes, sir.

Q. "To whom were they delivered?"

(Plaintiff's objection sustained and defendant excepted.)

The ruling in refusing to allow the witness to answer said questions is assigned for error. There was no offer made by counsel, and no statement to the court of what he expected the witness would answer to such questions. It is not apparent from the questions what the evidence sought to be elicited would be, though it may be inferred that it was expected the answer would be favorable to defendant. But that is not enough. To overcome the presumption that the ruling of the trial court is right, it must be made to appear affirmatively from the bill of exceptions that prejudicial error was committed. We must know what appellant claims the answer would be, before we can determine that it was error to exclude them. Jenks v. Knatts Mexican S. W. Co., 58 Ia. 549; Vatow v. Diehl, 62 Ia. 676; Mergenthem v. The State, 107 Ind. 567; Stanley v. Smith, 15 Oregon, 505.

Defendant asked the court to give the following instructions, but the court refused.

1. The jury are instructed as a matter of law that a promise made without consideration is of no legal effect, and is not binding upon the person so making it, and in this case, even should it appear by a preponderance of the evidence that the defendant, Eli Gaffield, did promise to pay the claim in question, such promise is not binding upon said defendant, unless it also appears that there was a good and valuable consideration for such promise.

2. The jury are instructed that a husband can not be made liable for debts contracted by his wife in his name unless she has authority to make such contract, and a tradesman who sells goods to the wife upon credit of her husband takes the burden of proof of showing such authority, and in this case, unless such authority has been shown by the preponderance of the evidence, the verdict should be for the defendants.

The refusal to give such instructions was error. They contain correct propositions of law applicable to the evidence in the case. Eddy v. Roberts, 17 Ill. 505; Schouler on Husband and Wife, Sec. 127 *et seq.*

For the error in refusing said instructions the judgment must be reversed and the case remanded.

*Reversed and remanded.*