## ELI GAFFIELD
### v.
## ROBERT SCOTT ET AL.

*Sales—Husband and Wife—Family Expenses.*

1. The common law, as to the agency of the wife binding the husband in ordinary domestic matters, has become unimportant by the statute making both husband and wife responsible for family expenses.
2. Under neither the common law, nor the statute, had or has a wife authority, while living with her husband, to bind him in matters not concerning their own domestic affairs, and to have such authority it must be conferred.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. HENRY HIESTAND, for appellant.

Messrs. H. C. Bennett and W. A. Phelps, for appellees.

Gary, J.   On a former appeal this case is reported in 33 Ill. App. 317.   It was again tried in the Circuit Court, without a jury, resulting in finding and judgment for the appellees.

The evidence was substantially what, in the former opinion, was rightly described as "weakly tending to show that appellant, when the bill was presented to him, promised to pay it, but on this point there was a decided conflict."

There was no attempt to prove up the account, item by item, on the part of· the appellees, and on the part of the appellant it was proved beyond a reasonable doubt that all of the goods mentioned in the bill of particulars, amounting to more than $700, except one item of $35, as to which there is no proof at all, were bought by the wife of the appellant, for her daughter by a former marriage, with directions to charge them to herself, and not to the husband, and that the appellees sent them to the house occupied by that daughter, miles away from the place where they knew the appellant resided.

If an unequivocal promise by the appellant to pay for the goods were clearly proved, it would not bind him in any action based upon that promise, unless there was some new consideration for the promise.   It is certain that, as to the goods so delivered to the daughter of the wife, the appellant never was indebted to the appellees for goods sold and delivered.

The old law, as to the agency of the wife binding the husband in ordinary domestic matters (see Schouler, Dom. Rel., Sec. 63), has become unimportant by the statute making both husband and wife responsible for family expenses.   Sec. 15, Chap. 68, R. S.

But under that law, or the statute, she had and has no presumed authority, while they live together, to bind him in matters not concerning their own domestic affairs, and to have such authority it must be conferred.   Mechem, Agency, Sec. 62; Story, Agency, Sec. 7, note 3.

Neither upon the original transaction or supposed subsequent promise is the appellant responsible, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*