## Alexander A. Kennard et al. v. David Secor et al.

1. PLEADING—*Set-off Not Admissible Under the General Issue.*—In an action of assumpsit for goods sold and delivered, evidence of payment is admissible under the general issue, but set-off is not.

2. TRIALS—*Theories.*—A theory, if wrong, is not error unless it is put into practice.

Memorandum.—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

EDMUND FURTHMANN, attorney for appellants.

APPELLEES' BRIEF, JAMES C. McSHANE, ATTORNEY.

If the defendant. desires to set off any counter-claim involved in, or growing out of the cause of action, as set up in the plaintiff's declaration, he may do so under the general issue by way of deduction; but if he desires to set up any claim or cross-demand not included in the subject-matter of the action, as set up in the plaintiff's declaration, he must plead it specially or give notice in writing under the general issue. Chitty's Pleading, 595; Cox v. Jordan, 86 Ill. 560; Waterman v. Clark et al., 76 Ill. 428; Hubbard v. Rogers, 64 Ill. 434; Stow v. Yarwood et al., 14 Ill. 427; Moorehouse v. Baker, 48 Mich. 335. .

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The Union Cold Storage Company had in store, eggs of the appellees, and, as the case assumes, with authority to sell and receive payment. The claim of the appellees is that one sale of 100 cases at $5 per case, for which the storage company held the appellant's receipt, by an oversight were never " billed " to them, and that, as a consequence, those eggs were never paid for.

The appellants claimed that they gave a receipt, and paid

for eighty-five other cases which they never did receive. If that claim were true, it would not be payment for the 100 cases, but a set-off for money paid for another consideration, which was never received.

The action was assumpsit for goods sold and delivered, and the only plea non-assumpsit, under which payment is, and a set-off is not, admissible. 1 Ch. Pl. 418–420, Ed. 1828.

The dealings between the storage company and the appellants were in their respective names, and the case tends to show that the appellants did not know whose property they were buying, as the storage company stored and sold for many customers, all in its own name.

On the trial the appellants insisted, as a theory, that they were entitled to go into an account of all their dealings with the storage company, and show that, upon the whole, they had paid for all the goods they had received; and the court seems to have held as a theory, that they were restricted to showing that they had paid for these particular 100 cases.

It is quite unnecessary to say which theory is correct, because it is clear that the appellants had made no preparation, and did not at the time have the means to prove what was the state of the whole account, neither from their own resources, nor by cross-examination of the only witness for the appellees. . There is a vague intimation that that witness had in court the book of the storage company, that would have shown the whole account, but no offer to use it was made by appellants, nor to prove the whole account by evidence which, in the orderly conduct of business, they should have had in their own possession.

That those 100 cases were never " billed " to the appellants was not disputed; they produced no bill, nor gave any evidence of ever having had any. The whole dealings between the storage company and the appellants appear to have amounted to about $30,000, and the appellants' evidence was directed to showing the application of less than $10,000 paid by them.

Whatever could be shown in that regard had no tendency

to show any over payment on the whole account, exclusive of the price of the eggs which were the subject of this suit. No instructions were given to the jury, so that the only complaint is as to a bare theory which the court held. A theory, if wrong, is not error, unless it is put into practice. Gaffield v. Scott, 33 Ill. App. 317.

The judgment is affirmed.