## Harriet D. Howard v. Matilda Tedford.

1. PRACTICE—*Exclusion of Evidence as Error—Showing Necessary.*—The exclusion of evidence can not be held to be error, unless it is shewn that injury resulted therefrom, and to show injury by the exclusion of evidence, the facts proposed to be proved must appear.

2. TRIALS—*Reading from the Pleadings in Argument.*—A refusal by the trial court to allow defendant's attorney to read from the affidavit filed with the declaration and comment thereon in closing argument is not error calling for a reversal, where there was no contest as to the amount due.

Assumpsit, on the common counts. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 26, 1897.

SCHINTZ & IVES, attorneys for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This was an action to recover an amount alleged to be due appellee for wages.

The evidence presented a case proper for submission to a jury, and in the absence of a prejudicial error, their finding should not be disturbed.

There are two errors assigned:

1st. That the trial court erred in excluding answers to two questions put by counsel for appellant to one Howard, a witness.

That this ruling was erroneous can not be urged here, for counsel neglected to make known by proffer or otherwise, what he would prove by the answers sought. The trial court could not pass upon the relevancy or materiality of the testimony excluded upon the motion for a new trial; nor can this court determine that its exclusion was in any degree prejudicial to appellant.

In Gaffield v. Scott, 33 Ill. App. 317, this court has said: "There was no offer made by counsel, and no statement to

the court of what he expected the witness would answer to such questions. * * * We must know what appellant claims the answers would be, before we can determine that it was error to exclude them. Jenks v. Knotts, 58 Ia. 549; Vatow v. Diehl, 62 Ia. 676; Mergenthem v. The State, 107 Ind. 567; Stanley v. Smith, 15 Oregon, 505;" also Giddings v. McCumber, 51 Ill. App. 375.

2d. The other error assigned is the refusal of the court to permit counsel for appellant to read from the affidavit, filed with the declaration, and comment upon the same in closing argument.

The authorities cited by counsel sustain their contention that such ruling would in general be error. Yet, if it be error in this case, it is not ground for reversal; for the only legitimate purpose for which the affidavit might have been used in argument, viz., as bearing upon the question of amount due, was precluded by the fact that there was no contest whatever upon the question of amount. Appellant's counsel, in effect, stated to the jury that there would be no contest as to amount, and that the only question submitted would be that of liability.

It does not appear that the affidavit was made by any litigant or witness in the case. The ruling could not have worked harm to appellant. The judgment is affirmed.