### A. S. Berkowsky v. James J. Cahill.

1. LANDLORD AND TENANT—*Effect of Holding Over After Expiration of Term.*—If a tenant holds over after the expiration of his term, the lessor may at his option, either treat him as a trespasser or a tenant for another year upon the terms of the prior lease, and a holding over by a sub-tenant is in legal contemplation, a holding over by the lessee.

2. SAME—*Presumption from Holding Over—How Rebutted.*—The legal presumption of a renewal of a tenancy, resulting from holding over, can not be rebutted by proof of a contrary intention on the part of the tenant alone.

3. EVIDENCE—*The Court Should Be Informed as to What is Proposed to Be Proved by Secondary Evidence.*—When secondary evidence is offered as to the contents of a written instrument, it is clearly necessary for the court to be informed in advance, what is proposed to be proved, in order to pass intelligently on the question of the admissibility of the evidence, and if this is not done, the evidence may properly be excluded.

Transcript, from a justice of the peace. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed October 11, 1897.

ALBERT N. EASTMAN, attorney for appellant.

JAMES FRAKE and J. STORKAN, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

Appellee, by a written lease of date April 23, 1895, demised to appellant, for one year from May 1, 1895, a four-story and basement brick building known as number

217 West Twelfth street, in the city of Chicago, at an annual rental of one thousand and eighty dollars, payable in monthly installments of ninety dollars each, on the first day of each and every month of the term, in advance. The appellant sub-let the premises to other persons, who continued to occupy them after the expiration of the lease and until May 4, 1896. Appellant's counsel admits that one of them is still in possession.

Appellee brought suit before a justice of the peace for the rent for April and May, 1896. He recovered judgment for the April rent only, and appealed to the Superior Court, where he recovered judgment for $145, being the rent for the months of April and May, 1896, less the sum of $35, which appellee collected from one of the sub-tenants. From the latter judgment appellant appealed to this court.

Appellant admits that he owes the rent for the month of April, 1896, but contends that he does not owe the rent for May, 1896.

The law is well settled that if a tenant holds over after the expiration of his term, the lessor may, at his option, either treat him as a trespasser or a tenant for another year upon the terms of the prior lease; also that a holding over by a sub-tenant is, in legal contemplation, a holding over by the lessee. Taylor on Landlord & Tenant, 8th Ed., Vol. 2, Sec. 524; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Webster v. Nichols et al., 104 Ill. 160, 173; McKinney v. Peck, 28 Ill. 174; Dimock v. VanBergen, 12 Allen, 551.

Appellant's counsel says there are two disputed questions in the case; first, a question of fact; namely, whether Cahill, the lessor, had notice prior to April 30, 1896, of appellant's intention not to retain the premises after May 1, 1896; and, second, a question of law; namely, whether the trial court erred in excluding secondary evidence of a letter claimed to have been mailed by appellant to appellee in April, 1896. The lease from appellee to appellant contains the following provision: " Said party of the second part has the privilege to occupy the above described premises for two years more, after expiration of this lease, upon the same terms and con-

ditions contained herein." December 5, 1895, appellant wrote to appellee as follows:

"Dear Sir: You wrote me a short time ago of a man who wanted to rent the store from next May. I am sorry I did not see the man, but if you do see him, you can rent it to him, as I don't think I will keep the building from next May, so that will give you a chance to rent it to any one you like," etc.

Appellant's counsel, who is evidently most solicitous to exclude appellant's liability for two years from April 30, 1896, contends that the letter above quoted is evidence of appellant's intention, at the time the letter was written, not to avail of the privilege to occupy the premises for two additional years, and in this we agree with him. Certainly, had appellee, on receipt of the letter, demised the premises to another, from May 1, 1896, the privilege mentioned would have been lost to appellant. But we do not agree with the contention of appellant's counsel that it is a material question in the present case whether appellant waived the privilege of occupying the demised premises for two additional years. That is not a question presented by the record. It is manifest that a waiver by appellant of such privilege, could not in the least affect his liability, at common law, for holding over after the expiration of the term created by the lease. It is expressly ruled in Clinton Wire Co. v. Gardner, *supra*, that "the legal presumption, from the holding over, of a renewal of the tenancy, can not be rebutted by proof of a contrary intention on the part of the tenant alone."

Appellant's counsel gave to appellee's counsel the following notice: "You are hereby notified to produce upon the trial of this cause the letter written you in January, another one in March, 1896, relative to the renting of premises in controversy herein, and any and all other papers and documents in relation to the leasing or paying of rent of said premises." Appellant called as a witness E. Berkowsky, his son, who testified that within the first ten days of April he wrote for his father two letters to the appellee, addressed

them to him at his residence, and stamped and mailed them. The production of these letters was called for on the trial. Appellee denied having received any letter written in April, or any letter except what he produced on the trial, and his counsel objected on the ground that the notice did not entitle appellant to the production of April letters, the only letters mentioned in the notice being one in January and one in March, 1896, and that the language "all other papers and documents," etc., was too vague, and could only be held to refer to papers and documents other than letters, and the court so ruled.

It is, to say the least, doubtful whether the notice was sufficient to entitle appellant to the production by appellee of any letters except those mentioned in the notice, or to give secondary evidence of the contents of other letters. The rule with regard to such notice is thus stated by Greenleaf: " It must describe the writing demanded, so as to leave no doubt that the party was aware of the particular instrument intended to be called for." Greenleaf on Ev., Vol. 1, Sec. 562.

We deem it unnecessary, however, to pass on the question of the sufficiency of the notice to entitle the appellant to the production of the letters claimed to have been mailed to appellee in April, for the following reasons: Appellant's counsel asked the witness, E. Berkowsky, this question: "Now, what did you state in the letters you wrote in April?" an objection to which was sustained by the court. Appellant's counsel made no statement as to what appellant claimed was contained in the alleged April letters or either of them, nor did he offer to prove that they, or either of them, contained anything relevant or material to the issues in the case. This, of itself, was sufficient reason for the exclusion of secondary evidence of their contents. Had the claimed April letters been produced, it would have been a question for the court, on inspection of the letters, whether they were relevant and material, and when secondary evidence was offered, it was clearly necessary for the court to be informed, in advance, what was proposed to be proved, in

order to pass intelligently on the question of the admissibility of the evidence. Gaffield v. Scot, 33 Ill. App. 317; Cook v. Haussen et al., 51 Ib. 269; Chicago & A. R. R. Co. v. Shenk, 131 Ill. 283.

But on the hypothesis that the April letters expressly notified the appellee that appellant waived the privilege granted by the lease, and that he would surrender the premises at the expiration of his term, which is the most favorable view for appellant, and goes to the full extent now claimed by his counsel, this would not exclude his legal liability consequent to his holding over after the expiration of his term.

The judgment is affirmed.