# Edward Morris v. Nathan C. Taliaferro.

1. CONTRACTS—*Offers Accepted and Acted Upon.*—An undertaking of one person to employ another for one year, when accepted and acted upon by the employe until he is discharged, possesses the mutuality essential to a contract and is binding on the employer.

2. INTEREST—*On Written Contracts of Employment.*—In a suit on a written contract of employment the court holds that if there has been a breach of the contract and money is due by reason thereof to the employe, then he is entitled to interest.

3. VARIANCES—*Should be Called to the Attention of the Trial Court.*—An alleged variance which was not called to the attention of the trial court at any time, can not be insisted on in this court.

Assumpsit, on a contract of employment. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1897. Affirmed if remittitur be entered, otherwise reversed and remanded. Opinion filed March 24, 1898.

A. BINSWANGER, attorney for appellant.

Addison, in his work on Contracts, lays it down as a rule of law that all contracts founded on mutual promises between persons of full age must be obligatory on both parties, so that each may have an action. If only one is bound there is no consideration for the promise of another, and such promise consequently is a mere *nudum pactum.* Morgan's Ed., Vol. 1, 34, Sec. 18; Parsons on Contracts, Vol. 1, Secs. 9 and 448.

Mutuality of obligation is the very essence of all contracts founded upon mutual promises. There must be an absolute mutuality of engagement in a contract. 1 Parsons on Contracts, star page 448; Chitty on Contracts 15, Bishop on Contracts, Sec. 78, 32; Wharton on Contracts, 5.

One promise may be a good consideration for another promise, but not unless there is an absolute mutuality of engagement, so that each party has the right at once to hold the other to a positive agreement. 1 Parsons on Contracts (3d Ed.) 374; McKinley v. Watkins, 13 Ill. 140.

And unless each party to a contract has the right of action as against the other for a breach thereof, this essential element is lacking and the contract is void. The rights and remedies under such a contract must be reciprocal or it fails. This is the true test in determining the validity of contracts of this kind.

A case involving this principle was recently decided in the Federal court of this district. In that case a contract to sell and deliver 10,000 barrels of oil at a stipulated price in such quantities per week as the buyer may desire, to be paid for as delivered, which contained no agreement on the part of the buyer to purchase any particular quantity of oil, was held not to be binding for want of mutuality. American Cotton Oil Co. v. Kirk, 68 Fed. Rep. 791.

At common law interest was not recoverable in any case, and in this State its recovery depends entirely upon the statute. Sammis v. Clark, 13 Ill. 544; Illinois C. R. R. Co. v. Cobb, Blaisdell & Co., 72 Ill. 148; City of Pekin v. Reynolds, 31 Ill. 529; Madison County v. Bartlett, 1 Scam. 67; City of Chicago v. Allcock, 86 Ill. 384.

Ever since the case of Sammis v. Clark, 13 Ill. 544, it has been held in this State that at common law interest could be recovered in no case except where there was an express agreement to pay it, and that in this State the recovery of interest depends entirely upon the statute, and the provision in the statute making certain indebtedness interest-bearing excludes all other debts not mentioned. Aldrich v. Dunham, 16 Ill. 403.

It will be remembered that plaintiff did not sue on a contract for an amount due thereunder, but for damages for breach of contract. In such instance, the damages from the very nature of the case must be unliquidated, and it has been repeatedly held that interest is not allowable on unliquidated accounts for work, labor and services. Murray v. Ware's Adm'r, 1 Bibb (Ky.), 325; Doyle's Adm'rs v. St. James Church, 7 Wend. (N. Y.) 178; Pursell v. Fry, 19 Hun (N. Y.), 595.

Such was held to be the law in this State as far back as

Buckmaster v. Grundy, 3 Gil. 626. In that case it was expressly held that interest is not allowable in cases of unliquidated damages arising *ex contractu*; and this doctrine has not since been departed from.

The case at bar being on a breach of a contract the damages must of necessity be unliquidated until ascertained by the finding of a jury. At the time of Taliaferro's discharge there was no balance due or owing to him. He was paid up to the time of termination of the contract, hence it could not be claimed that there was any interest owing or money due on the settlement of accounts. There is but one clause of the statute under which the appellee could make any pretense that interest should be allowed, viz., money withheld by an unreasonable and vexatious delay of payment. The evidence shows neither. In such a case the delay must be both unreasonable and vexatious. Devine v. Edwards, 101 Ill. 138; Sammis v. Clark, 13 Ill. 544.

It is the well settled law of this State that the mere fact of appearing and defending the suit is not sufficient under the construction given the statute to authorize the recovery of interest. It can not be construed into unreasonable and vexatious delay of payment without impairing the right itself. Hitt v. Allen, 13 Ill. 592; Clement v. McConnell, 14 Ill. 154; Aldrich v. Dunham, 16 Ill. 403; West Chicago Alcohol Works v. Sheer, 104 Ill. 586.

RUBENS & MOTT, attorneys for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant to recover damages for a breach, by the discharge of appellee from appellant's service and employment on August 7, 1888, without any just or reasonable cause, of the following agreement:

"Agreement made this 16th day of January, 1888, between Edward Morris and Nathan C. Taliaferro.

The said Edward Morris agrees to employ the said Nathan C. Taliaferro for one year from January 25, 1888, at the rate of $1,800 per year.

The said Nathan C. Taliaferro agrees to devote all the time necessary to the prosecution of the business and his best efforts in promoting the interests and welfare of said Edward Morris in any capacity to which he may be assigned. This agreement terminates January 24, 1889.

Edward Morris."

On a trial before the Circuit Court and a jury, appellee recovered a verdict and judgment for $805.61, from which this appeal is taken.

It is claimed, first, the contract is void for want of mutuality; second, the court erred in allowing interest; third, that there is a variance between the declaration and the evidence; and fourth, that the verdict is contrary to the law and evidence.

The contract was in duplicate, one signed by appellant, which was retained by appellee, and one signed by appellee, which was given to appellant.

Appellee commenced work according to the contract, and continued until August 7, 1888, when he was discharged by appellant, and thereafter was refused the right to work, and appellant refused to pay appellee on demand, made at the expiration of the contract, for the time after his discharge. After his discharge appellee got other work and earned some money, which, deducted from the amount which would have been due him according to the contract, had he been allowed to finish it, left a balance due appellee under the contract January 24, 1889, on account of his salary, of $542.50. The excess of the verdict over this amount of $263.11, is for interest.

The undertaking of Morris to employ appellee for one year from January 25, 1888, and that such employment should terminate January 24, 1889, when accepted and acted upon by appellee, as it was by working until he was discharged, made the contract mutual, and binding on appellee. Mahon v. Daly, 70 Ill. 653; Dana v. Short, 81 Ill. 468; Short v. Kieffer, 142 Ill. 258.

We think these cases are decisive of this point, and that the case of Orr v. Ward, 73 Ill. 318, cited by appellant, does not necessarily conflict with them. In that case the court

says the breach of the contract alleged was not proven, and that was sufficient to bar a recovery. What the court said as to the contract not binding the parties, was not necessary to a decision of the case. In any event the later decision in the Dana case, *supra*, controls, and we deem it unnecessary to consider the cases cited from other States.

If there was a breach of the contract and money due by reason thereof to appellee, then he was entitled to interest, and it was properly allowed. Murray v. Doud & Co., 167 Ill. 368, and cases cited.

Moreover there was evidence which justified the jury in finding there was an unreasonable and vexatious delay of payment, which would justify the allowance of interest under the statute. County of Franklin v. Layman, 145 Ill. 138.

That there was a variance between the declaration and proof, we think can not be maintained. The gist of the action and the allegation of the declaration is, that appellee was wrongfully discharged, that there was a breach of the contract because of such discharge, and he claimed damages, and not wages as such, for the breach of the contract. The allegation of the declaration that there is due appellee under the contract $542.50, may be rejected as surplusage. The balance due him for wages, after deducting what he might, with reasonable diligence, have earned, together with interest, make up appellee's damages. The contract was proven; also the wrongful discharge; what appellee had been paid, and his readiness and ability to work; and what he earned after his discharge. That made a *prima facie* case under the declaration, and entitled appellee to a recovery. School Directors v. Crews, 23 Ill. App. 367; Fuller v. Little, 61 Ill. 21.

Also the alleged variance does not appear to have been called to the attention of the trial court at any time, and can not be insisted on in this court for the first time. McCormick H. M. Co. v. Sendzikowski, 72 Ill. App. 402, and cases cited.

Under the fourth point, that the verdict is contrary to

Morris v. Taliaferro.

the law and the evidence, it is urged that the proof shows by a preponderance that appellee was discharged for good cause; that he was incompetent, careless, negligent and indifferent in the management of appellant's business.

As to this, it appears there was a conflict in the evidence, and from a careful examination of the proofs, we can not say that appellant's contention is supported by them. In this regard the burden of proof was on appellant, and he has failed to establish, by a preponderance of the evidence, that there was legal cause for appellee's discharge. At least it does not appear that the verdict is manifestly against the weight of the evidence on this point.

Appellant's contention that the court erred in sustaining objections to certain questions asked appellee on cross-examination, as to what statements or representations he made to appellee at the time he was employed, as to his ability and capacity to run a meat market, and as to what wages he received prior to his employment by appellant, is not tenable for two reasons: First, because it was not cross-examination; and second, no offer was made by counsel as to what he expected to prove by the witness in these respects; and neither the trial court nor this court can tell whether the answers of the witness would have been at all material or not. Howard v. Tedford, 70 Ill. App. 660; Berkowsky v. Cahill, 72 Ill. App. 101.

Appellee concedes that the verdict was wrong, as to the amount of interest allowed, by $14.33, and offers to remit it, whereas appellant claims that in any event it was too large by $38. Neither is right. Appellee was entitled to interest at six per cent from January 24, 1889, to July 1, 1891, and from that date at five per cent to the time of trial (Firemen's, etc., Co. v. Western Refrigerating Co., 162 Ill. 322), which would be $233.11, thus making the interest allowed too much by $30.

If this amount is remitted within ten days, the judgment will be affirmed for $775.61, each party to pay his own costs in this court; otherwise the judgment will be reversed and the cause remanded.