# Maria Kornazsewska v. West Chicago St. R. R. Co.

1. INSTRUCTIONS—*Disregarding the Evidence of an Impeached Witness.*—An instruction which tells the jury that if they believe from the evidence that any witness who has testified in the case has been successfully impeached, they are at liberty to disregard all the evidence of such witness except in so far as it is corroborated by other credible evidence or by facts and circumstances, as shown by the credible evidence in the case. is erroneous.

2. SAME—*Not to be Misleading.*—The instruction in this case which states that cities and villages are by law primarily charged with the duty of keeping their streets reasonably safe and free from obstructions, and this is a duty which the city of Chicago in this case can not delegate to any one else, nor can it shift such responsibility or duty to the defendant, the West Chicago Street Railroad Company, except upon its tracks and right of way, is erroneous, as calculated to mislead the jury, after the suit had been dismissed as to the city of Chicago.

3. SAME—*Must Not Assume the Existence of Controverted Facts.*—The instruction in this case which tells the jury that although the defendant was negligent, and others were also negligent, if they are unable to determine which of the acts of negligence was the direct cause of the accident, they should find for the defendant, is erroneous, as it assumes that it may have been caused by either the defendant or the others, when the evidence would justify a finding that it was the result of their joint act, in which case the defendant would be liable.

4. CREDIBILITY OF WITNESSES—*Exclusively for the Jury.*—The credibility of a witness is a matter exclusively for the jury and no instruction should intimate that they may disregard the evidence of a witness because they may believe he has been impeached.

5. WITNESS—*When He Can Not be Discredited.*—A witness can not be discredited simply on the ground of an erroneous statement; it is only where the statements of a witness are willfully and corruptly false in regard to some material fact that the jury are authorized to discredit his entire testimony.

6. EVIDENCE—*Photographs to be Preserved in the Record.*—In order to assign error upon the ruling of the trial court upon the admission of a photograph in evidence, such photograph must be preserved in the record.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for defendant. Plaintiff appeals. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed May 9, 1898.

CASE & HOGAN and MUNSON T. CASE, attorneys for appellant.

ALEXANDER SULLIVAN, attorney for appellee; E. J. McARDLE, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant was injured February 11, 1895, by being thrown from a sleigh, driven, and in which she was riding, along Milwaukee avenue, between Jane and Division streets, Chicago, the sleigh being tipped over because of a great accumulation of snow and ice along Milwaukee avenue at this place between the southerly sidewalk and the tracks of appellee, on the avenue.   The suit was brought against appellee and the city of Chicago, and the negligence alleged is that appellee carelessly and negligently shoved and shoveled a large quantity of snow and ice in a large pile upon Milwaukee avenue at the point aforesaid, and took no steps to remove the same; that said obstruction in its nature was an impediment to travel.

After the jury was impaneled the suit was discontinued as to the city.   The trial resulted in a verdict and judgment for appellee, from which an appeal was taken.

The evidence as to the cause of the accident, whether from an accumulation of snow and ice in the space between the tracks of appellee and the sidewalk (which was about twelve feet), caused by appellee cleaning its tracks with a snow plow which shoved the snow into this space, or caused by merchants and other persons along the avenue clearing the sidewalk of snow by shoveling it into the same space, and by shoveling paths and wagon ways through the snow thus accumulated so as to make a better means of access from the street to the sidewalk, was conflicting, and we think, from a careful examination of it, the jury would have been justified in finding that the accumulation of ice and snow, which resulted in the sleigh being upset, was caused either by appellee or the merchants and other persons along the avenue, or by the combined action of both.

We do not think that it clearly appears, as contended by appellee, this accumulation was caused by the merchants and others along the avenue; but that the question was one which should have been submitted to the jury; that the trial court did not err in leaving the question to the jury, and that the verdict should stand if the jury were rightly instructed.

No instructions were asked by plaintiff. Appellant claims that the court erred in giving the 7th, 8th, 11th, 12th, 13th and 14th instructions asked for defendant. They are:

"7. The jury are instructed that it is their duty to consider the case in all its bearings, the same as they would a case between two private citizens, instead of a case in which the defendant is a corporation. Corporations are just as much entitled to fair and unprejudiced treatment in courts of law as individuals would be under like circumstances. Hence the jury are instructed that it is their duty to consider the evidence in this case without prejudice, and to base their verdict upon the evidence and the instructions of the court regardless of all else.

"8. The court instructs the jury that if they believe from the evidence that any witness who has testified in the case has been successfully impeached, then the jury are at liberty to disregard all the evidence of such witness except in so far as it is corroborated by other credible evidence or by facts and circumstances as shown by the credible evidence in the case.

"11. The jury are instructed that it was the duty of the city of Chicago and not of the defendant, the West Chicago Street Railroad Company, to remove the accumulations of snow and ice, if any, which had become lodged between the defendant's tracks and right of way and the sidewalk, at the time and at the place when and where the accident complained of occurred. So if the jury believe from the evidence that the plaintiff was injured by reason of an accumulation of ice and snow in the street outside of defendant's tracks and right of way, and that such accumulation of snow and ice at the time and place in question was the

cause of the accident, then the jury should find the defendant not guilty [unless you further find from the evidence that such accumulation of snow and ice was caused by the defendant.] Part of instruction between brackets added by the court.

" 12. The jury are instructed that cities and villages in this State 'are by law primarily charged with the duty of keeping their streets reasonably safe and free from obstructions, and this is a duty which the city of Chicago in this case can not delegate to any one else nor can it shift such responsibility or duty to the defendant, the West Chicago Street Railroad Company, except upon its tracks and right of way.

" 13. The court instructs the jury that even though they believe from the evidence that the defendant, the West Chicago Street Railroad Company, was negligent in pushing or throwing the snow off of its tracks and right of way into the street, by the use of snow plows and sweepers, at the time and place where the accident complained of in this case occurred; and if the jury further believe from the evidence in this case that certain storekeepers or other persons at the time and place in question, did shovel snow and ice off from the sidewalk into the street, and did make paths between the sidewalk and defendant's tracks and right of way by throwing the snow and ice to either side out of such paths, thereby making piles of snow and ice between such sidewalk and defendant's right of way at the time and place in question, and if the jury after considering all the evidence in the case are unable to determine which of the acts above described was the direct cause of the accident complained of, then the jury should find the defendant not guilty.

" 14. The jury are instructed that the defendant, the West Chicago Street Railroad Company, had no jurisdiction or control over that part of the street outside of its tracks and right of way, and could in no manner regulate and control the action of storekeepers or other persons; and could not prevent them from shoveling the snow off from the

sidewalk or from making paths through the snow and throwing the snow into piles or heaps upon the street outside of its tracks and right of way. And if the jury believe from the evidence that certain storekeepers or other persons did at the time and at the place where the accident to the plaintiff happened, shovel snow and ice from the sidewalk out into the street, and did shovel paths in the snow and ice, throwing it to either side, making piles of snow and ice in the street outside of the defendant's tracks and right of way at the place in question, and at the time in question, and that such accumulations or piles of snow and ice were the cause of the accident complained of, then the jury should find the defendant not guilty."

The seventh instruction may be said, as counsel claim, to imply that corporations do not get the same fair and unprejudiced treatment that individuals do, but we do not think that this implication is such error as would be ground for a reversal.

The eighth instruction was erroneous, in that it tells the jury that if the witness has been successfully impeached, they are at liberty to disregard all his evidence except in so far as it is corroborated, etc. If a witness has been impeached, whether by incredible statements, contradictions in his evidence, by witnesses as to his reputation for truth, or in any other way, such impeachment goes to the weight or credit to be given his evidence, of which the jury must be the judges; but we do not think it has ever been held that a jury will be justified in disregarding all the evidence of a witness unless they believe he has willfully sworn falsely to some material matter in issue, and then all his evidence should not be disregarded if corroborated by other credible evidence. The jury should carefully consider and weigh all the evidence of each and every witness and disregard no item of evidence of a witness because they may believe from the evidence that the witness has been impeached, or successfully impeached, to use the language of the instruction, if that means any more. The credibility of the witnesses is a matter exclusively for the jury, and no instruction

should intimate, as this one does, that the jury may disregard the evidence of any witness because they may believe he has been impeached. In Otmer v. People, 76 Ill. 152, it is said: " The court should leave the jury perfectly free and untrammeled to pass upon the credibility of each witness, and to determine for themselves the weight to be given to his evidence." In Pope v. Dodson, 58 Ill. 365, in which the court instructed if a witness " has sworn falsely in any material statement," the jury might disregard his entire statement except so far as it was corroborated, the Supreme Court said: " A witness can not be discredited simply on the ground of an erroneous statement; it is only where the statements of a witness are willfully and corruptly false in regard to material facts that the jury are authorized to discredit the entire testimony. The most candid witness may innocently make an incorrect statement, and it would be monstrous to hold that his entire testimony, for that reason, should be disregarded."

In Gulliher v. People, 82 Ill. 146, the court said, speaking of an instruction which stated that if the jury believed a witness had been contradicted on a material point, then the jury had a right to disregard his whole testimony, unless corroborated by other testimony: " The mere fact, however, that he is contradicted as to some material matter, is not enough to warrant the rejection of his evidence altogether, unless the jury believe that, as to the matter in which he has been thus contradicted, he has sworn falsely and knew his evidence was false." Swan v. People, 98 Ill. 612, and Hoge v. People, 117 Ill. 45, are to the same effect.

We think the twelfth instruction was calculated to mislead the jury, because the case had been discontinued as to the city, and the jury might reasonably infer from the instruction that the court meant that appellee was not liable . in case the obstruction was outside of its tracks and right of way. This may have been the basis of the verdict.

The thirteenth instruction is erroneous, in that it tells the jury that although appellee was negligent and the storekeepers and others were negligent, if they were unable to

determine which of the acts of negligence was the direct cause of the accident, then they should find for appellee. This assumes that the accident may have been caused by either appellee or the others, whereas we have seen that the evidence would justify a finding that it was the result of their joint acts. If the latter be true, then appellee is liable. Pullman Palace Car Co. v. Laack, 143 Ill. 261, and cases cited.

We think there was no error in the eleventh and fourteenth instructions.

It is also claimed the court erred in sustaining an objection to a question asked one of plaintiff's witnesses on being handed a photograph, by which he was requested to state whether it correctly represented the condition of the snow and ice at the place and time in question. The photograph is not in the record, nor was there any offer made by counsel to show by the witness that he knew anything about it, nor that it did in fact correctly represent the condition of the snow and ice at the time and place in question. We can not tell, in the absence of the photograph from the record, nor without some offer by counsel to show what it was, whether the court erred or not in its ruling. Clifford v. Drake, 110 Ill. 135; Howard v. Tedford, 70 Ill. App. 660, and cases cited; Berkowsky v. Cahill, 72 Ill. App. 101, and cases cited.

For the errors noted the judgment will be reversed and the cause remanded.