## James T. Hair Co. v. John A. Manly.

1. PRACTICE—*It is Unnecessary to State What the Party Expects upon an Offer.*—When the materiality and relevancy of a question asked, is apparent, it is not necessary, upon objection to it, to state what it is expected to prove by it.

Bill for an Accounting.—Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed July 2, 1902.

Statement.—The complainant in the court below filed its bill, alleging that the defendant, while employed and paid by it for his entire time and attention, had violated three several contracts set out in its bill, by devoting a large portion of his time to others' business, and claimed that the defendant had thereby made large gains and profits in such business, done for others, which in equity and good conscience belonged to the complainant.

The bill asks for an accounting of the profits alleged to have been made by the defendant when paid to give his entire attention to the business of the complainant.

To this bill the defendant filed an answer, denying all the material allegations of the bill, except merely the fact that the contracts referred to had been entered into. It thus became incumbent upon the complainant to sustain his bill by competent testimony. A reference to a master was had and testimony taken before him, on behalf of the complainant only, the defendant not offering any.

In taking testimony before the master the complainant attempted to prove, by the books of the Chicago Hotel Cabinet Company, and by direct admissions of the defendant Manly, the profits which he derived while in the employ of the complainant, by rendering services to others than the complainant. The issue was presented by the following questions to Mr. James T. Hair:

"Q. Have you ever had any conversation with Mr. Manly with reference to his having performed services for

any other person other than the James T. Hair Company during the years 1889 and 1890?

(Which question was objected to, and the objection sustained by the master.)

Q. Have you ever had any conversation with Mr. Manly as to any profits which he derived by rendering services to any company during the years 1889 and 1890?

(Which question was objected to by the defendant, upon the ground that any such questions are entirely immaterial and irrelevant, and that anything that might have been said by the defendant, Manly, during those conversations, is immaterial and irrelevant, and incompetent under the pleadings in this case; which objection was sustained by the master. To such action by the master complainant excepted, but the chancellor sustained the master and overruled the exceptions, and upon the recommendation of the master, the Circuit Court entered a decree dismissing the bill of complaint for want of equity.) "

BEACH & BEACH, solicitors for plaintiff in error.

JESSE A. & HENRY R. BALDWIN, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The defendant in error insists that the action of the master and that of the chancellor were right, because the complainant did not, upon or before the sustaining of the objections to the questions asked, state "specifically what the testimony was expected to be," or make an offer to prove anything by the witness. When it is not apparent what it is expected the answer of the witness will be to a question propounded to him, if objection be interposed, it is necessary that an offer be made to prove by the witness specific and material matter; otherwise, it not appearing that the witness is asked or can testify to anything material, error in sustaining objections to the questions can not be successfully urged. Gaffield v. Scott, 33 Ill. App. 317.

When, however, the materiality and relevancy of the question asked is apparent, it is not necessary, upon objection, to make an offer to prove. Gaffield v. Scott, 33 Ill. App. 317; Corcoran v. Poncini, 35 Ill. App. 130; Schuchardt

v. Allens, 1 Wallace, 359–367; Wyngert v. Norton, 4 Mich. 286.

The question on appeal, in this regard, is, does the record show the materiality of the proffered evidence ? If it does, the rejection of it may be urged as error. C. & A. R. R. Co. v. Shenk, 131 Ill. 283.

The question before the trial court, when objection is made, is, does the question call for testimony apparently relevant and material to the matter at issue.

One is not obliged, upon the sustaining of an objection to such a question, to offer to prove that which he believes the witness will answer.

Indeed, offers to prove after an objection has been sustained are not infrequently, in jury trials, made a method of getting before a jury that which ought not to be presented or allowed to influence the jury. Scripps v. Reilly, 38 Mich. 12.

We are not considering the right of a court to require counsel to state what they expect to prove, but the necessity for such statement, in order that error may be urged as to the sustaining of objections to relevant questions, concerning matters material to the issue.

In the present case the questions to which objections were sustained, while preliminary, were manifestly as to material and relevant matter.

The court should have allowed the questions and required the giving of answers thereto.

The decree of the Circuit Court is reversed and the cause remanded.