## Mollie Gorza, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5,649.

1. CARRIERS—*pleading.* An allegation in a declaration that the defendant caused the car to be started without notice to the plaintiff, implies the averment that the car had stopped before she alighted.

2. CARRIERS—*evidence.* In a suit to recover for personal injuries sustained by a fall while getting off a street car, a verdict for the plaintiff will not be disturbed, where her testimony shows that the car started just as she was getting off, and where she was contradicted by only one witness who stated that she did not wait for the car to stop.

3. EVIDENCE—*admissions*. In a personal injury suit, admissions as to how the injury occurred, made at the time of the injury and at the hospital, should not be excluded from the evidence.

4. APPEALS AND ERRORS—*harmless error*. Where certain admis-, sions are wrongfully excluded from the evidence, it is not reversible error unless it be shown what such admissions were, and that they were material.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

PINKNEY & McROBERTS, for appellant.

CLARENCE W. HEYL and SHELTON F. McGRATH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee was seriously injured in alighting from a street car operated by appellant, and brought this suit against appellant to recover damages for such injuries. The declaration charged that she was a passenger for hire; that she notified the conductor of the car to cause the car to be stopped, and, as she was in the act of alighting and in the exercise of due care for her own safety, appellant caused the car to be started without notice to appellee and it jerked and she was thrown from the step of the car to the ground and injured. There was no express averment that the car had stopped before she alighted, but that is implied. She had a verdict and a judgment for $1,200, from which defendant below appeals.

The conductor and the motorman had left the employ of appellant, and appellant proved that it was unable to find them in order to procure their testimony. There were passengers inside the car, but they did not know how the accident happened. The testimony material to the circumstances of the injury was that of appellee in her own behalf, and of a witness

for appellant who stood on the rear of the rear vestibule. According to the testimony of appellee, she saw that she was reaching her destination and notified the conductor and the car slowed down, and she took upon her left arm an infant grandchild and a bundle and went to the rear platform and the car stopped and she started to step off and the car jerked and threw her down upon the brick pavement. She admitted on cross-examination that, just as she started down, the conductor said: "Be careful." The witness for appellant before mentioned testified that appellee did not wait for the car to stop, and that, as she started to get off, the conductor said to her: "Just a moment, please, and the car will stop here," and that before the car stopped she got off backwards and the car went about ten feet further before it stopped. We do not see that there is any other testimony in the record from which we can determine which of these witnesses gave a correct account of the accident. The jury believed appellee and the trial judge approved that verdict. We find nothing which would warrant us in saying that they should have found the other way. It is manifest from the evidence that the damages awarded are not excessive.

By several witnesses appellant showed that appellee made statements at the time, and afterwards at the Home of the Friendless, and afterwards at a hospital, as to how the accident happened. Appellant then asked these witnesses to state what appellee said, and an objection was made by appellee's counsel that those statements were not a part of the *res gestæ,* and that they were not proper impeaching questions because appellee had not been interrogated upon the subject of such statements by her. The court sustained those objections and held the evidence incompetent. This ruling was incorrect. It is always competent to prove against a party to the suit his admissions or statements material to the issue, even though it is not for the purpose of impeaching him and though he has

not previously been examined in regard to it. Such admission need not be a part of the *res gestæ*. Brown v. Calumet River Ry. Co., 125 Ill. 600; Jones on Evidence, 2nd Ed., sec. 236. But it does not follow that reversible error was committed. Appellant made no offer to prove what answers he expected to obtain in response to these questions, except that as to one witness he said he sought to prove declarations against appellee's interest. If he had stated what answers he expected from these several witnesses, it may be that it would have appeared that the statements were immaterial or unimportant, or favorable to appellee and therefore valueless to appellant. The bill of exceptions is the pleading of appellant and appellant must make it appear that it was injured by the refusal to permit these answers. What appellant claims the answers would be must be made to appear before it can be determined that appellant was injured by the rejection of the testimony. Ittner Brick Co. v. Ashby, 198 Ill. 562; McLeod v. Andrews & Johnson Co., 116 Ill. App. 646.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*