Roosa v. Crist.

CHARLES H. ROOSA, Plaintiff in Error, *v.* PETER M. CRIST, Defendant in Error.

ERROR TO WILL.

A note made payable to A. B. or bearer, cannot be transferred by mere delivery, so as to vest the legal title in the bearer.

The same rule will hold, although the note may have been transferred by delivery in a State where such transfer would carry the legal right with it.

THIS was an action in debt, on a promissory note, dated 3rd

January, 1844, Bethel, in the State of New York, for ninety dollars, payable to John Barlow or bearer.

Declaration alleges that said Barlow, before the note became due, transferred and delivered the same to plaintiff, and that such transfer and delivery took place within the State of New York; and avers that, by the laws of New York, in force at the time, notes of this description were transferrable by delivery, and recites particularly the statutes on that subject; and avers what was the custom of merchants to which those statutes refer, concluding in the ordinary form.

There was a plea of the general issue; pleas of payment to payee of note; payment to plaintiff; plea, setting forth that plaintiff purchased the note for $25, and that defendant repaid him the sum he paid for it and interest, which plaintiff received in satisfaction of his claim, and thereupon agreed to deliver up the note; plea, describing the tenor of the note and alleging that said note had not been assigned or indorsed to said plaintiff by Barlow, the payee; and plea of insolvent debtor's discharge.

Plaintiff replied to second, third, and sixth pleas, concluding to the country.

General demurrer to fourth plea.

Demurrer to fifth plea, setting forth, as grounds, that it amounted to the general issue; that it neither denied nor confessed, and avoided the declaration, and was evasive and argumentative.

The demurrer was sustained to the declaration.

PARKS and ELWOOD, for Plaintiff in Error.

U. OSGOOD, for Defendant in Error.

CATON, J. We have again considered attentively our statute concerning the transfer of promissory notes, &c., and adhere to the decision of this court made in the case of *Hilborn* v. *Artis*, 3 Scam. 344. The words of the statute are: "Any such note, bond, bill or other instrument in writing, made payable to any person or persons, shall be assignable by indorsement thereon under the hand or hands of any such persons, and by his, her, or their assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee or assignees successively." In that case it was held that this statute applied to a note payable to a person by name " or bearer," and that such a note could not be transferred, by mere delivery, so as to vest the legal title in the bearer, so that the word *bearer*, in such a note, is surplusage. So also, in *Shippington* v. *Pulliam*, 3 Scam. 385, it was held that,

by the same statute, the words " or order " are rendered surplusage and need not be averred in pleading. This statute manifestly had two objects to accomplish ; one of which was to enlarge the expressed intention of the contracting parties, and to make notes, &c., negotiable, where the maker manifested no such intention, by inserting words to that effect in the body of the note ; and the other was to restrict the expressed intention of the parties, by requiring a written indorsement to pass the legal title to the note, although the maker should manifest the intention to make it transferrable without indorsement, as where the words " or bearer" are inserted. The object of this restriction was, no doubt, to protect the real owner of the paper against any one who might get possession of it improperly and without his consent. But were we at a loss to find an adequate motive for the provision, we should not feel at liberty to disregard the plain and unambiguous language of the law. Here is a note payable to a *person* whose name is expressed in the body of the note, and it is none the less payable to a person because the words " or bearer" are inserted after the name of the payee. The statute declares how such notes shall be transferred, which necessarily excludes all other modes of transfer.

It is insisted, however, in this case, that, as the note was transferred by delivery in New York, where, by law, the legal title to the note could pass by mere delivery, the courts of Illinois should recognize such transfer. In other words, it is insisted that the law of the place where a contract is made, or an act is done, must fix and control the *status* of the parties in every other place. We cannot indorse this proposition thus broadly. The law of the forum must determine the mode in which relief will be administered. In some States no distinction is made between legal and equitable titles, in the forms of administering justice, while in others, as in this, the old forms are still adhered to. Because the forms of proceeding in New York or Pennsylvania will allow a man to enforce a given right in his own name in their courts, it does not follow that he can enforce the same right in the same way every where. The mode of proceeding and the form to be adopted in the enforcement of a right, must be governed by the *lex fori*. Because our law allows the transfer of the legal title to a note which does not, upon its face, provide for its transfer by the use of the words " or order," " or bearer," it would not follow that the assignee could enforce it in his own name in a State, by whose laws no such transfer could be made. Suppose, in New York, a book account could be sold on execution and the purchaser authorized to collect it in his own name, we could not recognize him as the legal owner of the claim, although we might afford him a substantial remedy by

allowing him to sue in the name of the original creditor. He must pursue his remedy here in the forms prescribed by our law.

It has even been held in New York, 'that a bond executed in Pennsylvania, the condition of which was to be there performed, was no bond in New York, and could not be there enforced as such, because only a scroll, instead of a wafer, was attached to the name of the obligor; although, by the law of Pennsylvania, a scroll is expressly declared to be a good seal. There the instrument was actually sealed according to the law of the place where it was executed, and as the parties intended; and as such, the rights of the parties were there fixed, but according to the laws of the place where those rights were sought to be enforced, it was not sealed, and the remedy had to be pursued as on an unsealed instrument. It was there an instrument of less dignity than where it was executed, and could rank only with simple contracts, which, in England and many of the States, would often make a very material difference in the substantial rights of the parties, as in the distribution of the assets of an insolvent estate.

We are of opinion that, under our law, the plaintiff had no right in our courts to pursue his remedy in his own name, and that the declaration was substantially and fatally defective, and that the Circuit Court very properly arrested the judgment.

The judgment must be affirmed.

*Judgment affirmed.*

---

SKINNER, J. The note is negotiable by the laws of this State by indorsement in writing, and by the law of New York by delivery. The effect of the negotiation by delivery in New York was to transfer the legal title to the plaintiff below, and by the law of comity, in my judgment, he may sue in this State in his own name, adopting the forms of remedy afforded by the local law.