Chumasero v. Gilbert.

EDWARD B. CHUMASERO, Appellant, *v.* HORATIO G. GILBERT, Appellee.

APPEAL FROM LA SALLE COUNTY COURT.

The *lex fori* governs the remedy, and, in the absence of pleadings and proofs, regulates the rights of parties under a contract.

To recover or defend under a foreign law, such law must be pleaded and proven.

A note bearing interest, without proof to the contrary, will be presumed to bear the interest allowed by our laws.

THIS was an action of assumpsit, commenced in the La Salle County Court, by the appellee, against the appellant, and was tried at June term, 1859, before CHAMPLIN, Judge, a jury having been waived by agreement of the parties, and a judgment found for appellee.

The declaration contained a special count upon a promissory note, which is in the words and figures following :

$397.69.                                          *La Salle, October 11th,* 1858.

Eighty days from date, I promise to pay to Wm. Chumasero and R. G. Parks, or order, three hundred and ninety-seven and 69-100 dollars, without defalcation, for value received, at the Broadway Bank of New York City.

E. B. CHUMASERO.

The declaration also contained the common counts, but no bill of particulars was filed.

The appellant filed a plea of the general issue.

Appellee applied for leave to file a copy of the note sued on, which was granted, and the cause continued.

The appellee offered in evidence the note, of which a copy is above set out. To the reading of which note in evidence the appellant objected, which objection was overruled by the court, and the appellant excepted. The note was read in evidence.

The appellant then offered in evidence a book, purporting to be a statute book of the State of New York, the purport of which was, that seven per cent. per annum was the lawful interest of the State of New York. To the reading of which book in evidence the appellant objected. The court overruled the objection, and said book was read in evidence; to which ruling and the reading of said book in evidence, the appellant excepted.

The appellee called as a witness, *George Campbell*, who testified, that he had computed the interest on said note at seven per cent., and found it to be twelve 37-100 dollars, and the amount of the note and said interest to be $410.06.

'This was all the evidence introduced.

The court then and there rendered a judgment for the appellee for $410.06, besides costs.

The appellant made a motion for a new trial, which was overruled by the court, to the overruling of which motion the appellant excepted.

CHUMASERO & ELDREDGE, for Appellant.

GLOVER, COOK & CAMPBELL, for Appellee.

WALKER, J. It is a rule of uniform application, wherever the common law obtains, that the *lex fori* governs the remedy. And in the absence of pleadings and proof, it regulates the rights of the parties under the contract. If this is not strictly true, it is so with but few exceptions.

When a foreign law is relied upon, either for the recovery of a right, or as a defense, the law must be pleaded and proved. This rule has been repeatedly held by this court, and is regarded as the settled law. Nor are we aware that there is any different rule when the effort is made to recover on a written contract, under the common counts; nor have we been referred to any adjudged case which announces such a doctrine. On the contrary, this and other courts have laid down the rule without any limitation, that to recover or defend under a foreign law, it must be pleaded and proved, as any other fact. And it is for the reason that courts cannot judicially know the laws which obtain in other jurisdictions, and to have effect given to them, they must be brought to the knowledge of the court by pleading and proof.

The note read in evidence in this case, specified no rate of interest, and in the absence of any specific rate, the presumption is, that the rate is the same at the place of its execution, as it is within the jurisdiction of the court. Where no rate is specified, our statute has authorized the recovery of only six

per cent., and the party, to recover more, should have shown by averment in his declaration, that the laws of New York authorized a recovery of a greater rate of interest, and should have sustained the averment by proof. In this case there was no such averment, and there was, consequently, error in permitting proof of that fact.

The judgment of the court must therefore be reversed, and the cause remanded.

*Judgment reversed.*