EDWARD B. CHUMASERO, Appellant, *v.* HORATIO G. GILBERT, Appellee.

## THE SAME *v.* THE SAME.

## THE SAME *v.* THE SAME.

### APPEAL FROM LA SALLE COUNTY COURT.

A party who goes to trial below without complaint, cannot in this court assign for error that an accurate copy of the instrument sued on, or of an indorsement, was not filed with the declaration.

Where a note is executed in Illinois payable in New York, it is proper to allow six per cent. interest in the judgment, without an averment as to what interest is allowable in New York.

THESE were actions of assumpsit commenced in the LaSalle County Court, by the appellee against the appellant, and tried at the December term, A. D. 1860, before CHAMPLIN, Judge, a jury having been waived by agreement of the parties, and judgment was rendered in favor of appellee.

The declaration contained a special count upon a promissory note, which is in the words and figures following:

$786.72.                                             *LaSalle, January 20th,* 1859.

Four months after date I promise to pay to the order of R. G. Parks and Wm. Chumasero, seven hundred and eighty-six and 72-100 dollars, at the Broadway Bank, New York City, value received.          E. B. CHUMASERO.

The declarations also contained the common counts.

The appellant filed pleas of the general issue in all the cases.

In the first case, the appellee offered in evidence the note, a copy of which is above set forth, and indorsements thereon. The appellant objected to the introduction of said note and indorsement in evidence, on the ground of variance, the copy of the note filed being for seven hundred and eighty-*sis* dollars, and the one introduced being for seven hundred and eighty-*six* dollars; and that the note as set out in the special count is alleged to have been indorsed by "Rollin G. Parks and William Chumasero," and the copy of the indorsement filed being "R. G. Parks, William Chumasero," whereas the actual indorsement offered in evidence is, "Wm. Chumasero, Peru and LaSalle, Ill.," "R. G. Parks, Peru and LaSalle, Ill."

The appellant objected to the allowance of interest on said note, which objection was overruled by the court, and the interest computed at $72.76; to which ruling of the court, and the allowance of said interest, the appellant excepted.

In the second of these cases, no copy of the indorsement was filed.

The appellee offered in evidence the note, a copy of which is above hereinbefore set forth, and an indorsement thereon.

The appellant objected to the reading of the indorsement in evidence, on the ground that no copy of the same had been filed, which objection was overruled by the court; to which ruling of the court, appellant then and there excepted. It was admitted that the Broadway Bank of New York city, where said note was payable, was located in the State of New York. The appellant then objected to the allowance of any interest by the court on said note, which objection was overruled by the court.

In the third case, the appellee offered in evidence a copy of the same note.

The appellee admitted that the Broadway Bank of New York city, where said note was payable, was located in the State of New York.

And appellant objected to the allowance of interest on said note, which objection was overruled by the court, and the interest computed at $72.76; to which ruling of the court, and the allowance of said interest, the appellant excepted.

There was a judgment for the appellee in all of the cases.

W. Chumasero, for Appellant.

B. C. Cook, for Appellee.

Caton, C. J. The variance complained of in the first of these causes, does not exist as to the declaration; but it is complained that in the copy of the note filed with the declaration, the word " six " in the note is written sis, and that for this variance the note should have been excluded. If this was such a variance as the court would notice in any place, it can take no notice of it here. The party went to trial, without complaint that a true copy of the note sued on was not filed with the declaration, and it was then too late to object that there was a variance between the copy and the note, or even that no copy whatever had been given. The declaration sets out the notes and indorsements properly.

If, in the second case, there was the variance complained of, the necessary proof was introduced to admit the note under the common count. But we are not prepared to say that the imperfect manner in which the " m " was written in the name of Chumasero, the maker of the note, in the declaration, constituted, in fact, a substantial variance, for which it should have been excluded.

Griswold *v.* Trustees of Peoria University.

In the other case, it is said that no copy of the indorsement of the note was filed with the declaration, and for that reason, the note and indorsement should have been excluded. This is answered by what has been said to a similar objection in the first case.

In all the cases, the same question about interest is presented. The note was executed in this State, and payable in New York. There is no averment as to what interest is allowed in New York, and the court allowed six per cent. interest under. the laws of this State. Now this is precisely what we said should have been done in the second of these cases, when it was before us at a previous term, and is reported in 24 Ill. 293; and what this court decided in *Forsyth* v. *Baxter*, 2 Scam. 11, was the proper course.

The judgments are affirmed. *Judgments affirmed.*