61   501
164s 273

## Emerson Hakes v. National Bank of Terre Haute.

1. REMEDIES—*Governed by the Law of the Forum.*—The form to be adopted in the enforcement of a legal right must be governed by the law of the forum in which such right is to be enforced.

2. SAME—*Notes Made in Foreign State.*—A promissory note made in Indiana, and not negotiable by the laws of that State, may, if negotiable under the laws of Illinois, be enforced in the courts of the latter State by an indorsee, the same as if made in Illinois.

Assumpsit, on a promissory note. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

MAYO & WIDMER, attorneys for appellant, contended that because the note contained the following clause—"The drawers and indorsers severally waive presentment for payment and notice of protest and non-payment of this note and all defenses on the ground of any renewal or extension of the time of its payment that may be given by the holder or holders to them or either of them," its negotiability was destroyed. Oyler v. McMurray, 34 N. E. Rep. 1004; Merchants & Mechanics Bank v. Fraze, 36 N. E. Rep. 378; Gliddon v. Henry, 104 Ind. 278; Smith v. Van Blarcom, 45 Mich. 371; Wheeler v. Second Nat. Bank, 75 Mich. 546; Woodbury v. Roberts, 59 Iowa 348.

E. CALLAHAN, attorney for appellee, contended that the note in question is not repugnant to any law of the State of Illinois. Under the laws of this State an assignment would vest in the assignee the absolute title to the note, and the legal right to bring an action in his own name for the recovery of the money specified in the note. Smith et al. v. Whittaker et al., 23 Ill. 867; Miller v. Wilson, 136 Ill. 523

A transfer by indorsement vests in the indorsee a right of action against all parties whose names are on the bill, in case of default, etc. Byles on Bills (7th Ed.), 157; Edwards on Negotiable Instruments (3d Ed.), Secs. 350, 351, 352.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit against appellant, and the declaration contained the common counts and a special count on a promissory note. There was an affidavit of claim filed, and appellant pleaded to the common counts, with an affidavit of merits, but demurred to the special count. The demurrer was overruled, whereupon appellee dismissed as to the common counts, and, appellant abiding by his demurrer, judgment was rendered against him for $1,074.27 and costs.

The declaration averred that defendant made and delivered the note to Jacob A. Parker on the 19th day of June, 1894, at Terre Haute, Indiana, to wit, in the county aforesaid, which was the county of La Salle, in the State of

Illinois, and that the payee at the same time and place assigned said note, by indorsement thereon under his hand, to plaintiff. It was also alleged that the note contained the following provision: "The drawers and indorsers severally waive presentment for payment and notice of protest and non-payment of this note and all defenses on the ground of any renewal or extension of the time of its payment that may be given by the holder or holders to them or either of them."

It is urged that the court was wrong in overruling the demurrer, because the clause above quoted destroyed the negotiability of the note, so that the assignment did not vest the legal title in plaintiff and enable it to bring the suit in its own name. Counsel treat the declaration as alleging that the note was made and assigned in the State of Indiana, and the question as being properly raised by demurrer.

In the case of Roosa v. Christ, 17 Ill. 450, a demurrer was sustained to a declaration on a promissory note made in the State of New York, which alleged that the payee, before the note became due, transferred and delivered the same to plaintiff within the State of New York, and that by the laws of New York in force at the time, notes of that description were transferable by delivery. It was held that the form to be adopted in the enforcement of a right must be governed by the law of the forum, and that although by the laws of New York where the note was made and transferred the legal title passed by mere delivery, the courts of Illinois would not recognize the transfer. Under the rule in that case, if the note in question here, by the laws in force, or presumed to be in force, in Indiana, was not transferable so as to vest the legal title in the plaintiff, our courts would not recognize such a rule, but would require the suit to be brought in the name of the one in whom, by our laws, the legal title would be vested. Under our laws the note was negotiable and transferable by indorsement. It is therefore unnecessary to inquire what the law merchant or the law of Indiana may be. The suit was properly brought, and the judgment will be affirmed.