EMERSON HAKES

*v.*

THE NATIONAL STATE BANK OF TERRE HAUTE.

*Filed at Ottawa November 23, 1896.*

1. BILLS AND NOTES—*note negotiable in this State presumed negotiable in State where executed.* A note payable to order, and which is negotiable by endorsement in this State, will be presumed to be negotiable in the State where it was made, and to have been executed and assigned in conformity to the laws of such State.

2. PLEADING—*the declaration need not aver that note is negotiable.* A declaration upon a note which is negotiable by endorsement in this State need not, in order to show a right of action in plaintiff, aver that such note is negotiable by endorsement in the State where it was executed.

3. SAME—*defense that note is not negotiable cannot be raised by demurrer.* The defense that one suing on a note cannot maintain an action thereon in his own name under the laws of the State where such note was made, must be raised by plea and proved as any other fact.

*Hakes* v. *National Bank of Terre Haute*, 61 Ill. App. 501, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

MAYO & WIDMER, for appellant.

E. CALLAHAN, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was an action of assumpsit brought by appellee, against appellant, in the circuit court of LaSalle county. The declaration contained the common counts and a special count on a promissory note.   There was an affidavit of claim filed.   Appellant pleaded to the common counts, with an affidavit of merits, and demurred to the special count.   The demurrer was overruled.   Thereupon appel-·lee dismissed as to the common counts, and, appellant abiding by his demurrer, judgment was rendered against him for $1074.27 and costs.

The special count averred that the defendant, on the 19th day of June, 1894, at Terre Haute, Indiana, to-wit, at, etc., made and delivered to one Jacob A. Parker his promissory note, which was payable at the National State Bank of Terre Haute, Indiana, to the order of said Jacob A. Parker, three months after the date thereof, and that the payee, at the same time and place, assigned said note, by endorsement thereon under his hand, to plaintiff.   It was also alleged that the note contained the following provision:   "The drawers and endorsers severally waive presentment for payment and notice of protest and non-payment of this note, and all defenses on the ground of any renewal or extension of the time of its payment that may be given by the holder or holders to them or either of them."

Appellant's contention is, that the instrument declared on, owing to the provision above quoted, is not, under the law merchant, a negotiable promissory note, and that, there being no allegation that the paper is negotiable under the law of Indiana, the declaration fails to show a right of action in the plaintiff.   In our opinion, however, the declaration is sufficient.   That under the laws of this State the note is negotiable and transferable by endorsement there is no dispute.   Appellant expressly agreed to pay "to the order of" Parker, and it will be presumed that

the note is likewise negotiable under the laws of Indiana, and that the note was executed and the assignment thereof made in conformity with the laws of that State. It was not incumbent upon the plaintiff to aver that the note is negotiable and transferable by endorsement under the laws of Indiana, in order to show a right of action in himself.  If the plaintiff could not maintain an action in his own name under the laws of that State, this·was matter of defense which should have been pleaded and proven like any other fact.  *Roosa* v. *Crist*, 17 Ill. 450; *Smith* v. *Whitaker*, 23 id. 367; *Chumasero* v. *Gilbert*, 24 id. 293 and 651; *Miller* v. *Wilson*, 146 id. 523.

Appellant's demurrer was properly overruled.   There is no error in the record, and the judgment of the Appellate Court will be affirmed.        *Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part.