GEORGE M. DEARLOVE *et al.*

*v.*

EDWARD W. EDWARDS.

*Filed at Ottawa May 11, 1897.*

166  619
75a  206
166    619
103a  ²  92
166    619
114a  ¹254

1. EVIDENCE—*burden of proving foreign note to be usurious is on the defendant.*  The burden of proving a promissory note executed in a foreign State to be usurious under the laws of that State is upon the defendant.

2. BILLS AND NOTES—*amount of note and reasonable attorney's fee for its collection are not recoverable in one action.*  An agreement in a promissory note that if the same is collected by an attorney a reasonable amount should be allowed for attorney's fees and taxed with the costs of the suit thereon, does not authorize the recovery of the amount due on the note and the fee for its collection in one and the same action.

3. PRACTICE—*remittitur of amount of unauthorized recovery cures error in its allowance.*  Remittitur of the amount of an unauthorized recovery of attorney's fees in a suit on a promissory note cures the error of the trial court in allowing the same.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

CHARLES LANE, for appellants:

A foreign law must be counted for and proved like any other fact, to authorize a recovery of interest greater than is allowed by the laws of this State. *Chumasero* v. *Gilbert,* 24 Ill. 293 and 651; *Deem* v. *Crume,* 46 id. 69; *Smith* v. *Whitaker,* 23 id. 309; *Morris* v. *Wibaux,* 159 id. 627; *Riendeau* v. *Vieu,* 21 N. Y. Supp. 501; *Rothschild* v. *Railway Co.* 13 id. 361; *Armendiaz* v. *Serna,* 40 Tex. 291; *Van Ripen* v. *Insurance Co.* 60 Ind. 128; *Surlott* v. *Pratt,* 3 A. K. Marsh. 174.

R. A. CHILDS, and CHARLES HUDSON, for appellee:

The burden of pleading and proving the defense of usury is on the defendant. He must make out the defense by a preponderance of evidence. 2 Starr & Curtis' Stat. sec. 7, p. 2306; *Mosier* v. *Norton,* 83 Ill. 519; *Goodwin* v. *Bishop,* 145 id. 421; *Boylston* v. *Bain,* 90 id. 283.

A defendant who relies on a foreign statute for his defense must plead it and must prove it. 1 Chitty's Pl. 216; *Palmer* v. *Marshall,* 60 Ill. 289; *Smith* v. *Whitaker,* 23 id. 309; *Giddings* v. *McCumber,* 51 Ill. App. 373.

A general *remittitur* is sufficient. It is not necessary to state on the record what it is for. *Elgin* v. *Joslyn,* 136 Ill. 525; *Winslow* v. *People,* 117 id. 152.

The practice of thus correcting errors has been encouraged, even in cases *ex delicto.* *Railroad Co.* v. *Wrixon,* 150 Ill. 532.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee recovered judgment in the circuit court of Cook county, against appellants, in an action of assumpsit upon a promissory note, and the judgment was af-

firmed by the Appellate Court.   The note was for $4500, with interest thereon at the rate of eight per cent per annum, and was payable at Iowa City, in the State of Iowa.   The evidence showed that it was delivered to plaintiff at that place.   The plea of the defendants was the general issue, together with notice of the defense of usury, which is the only defense claimed, and upon that question it is admitted that the rights of the parties are governed by the laws of the State of Iowa.   On this question the following admission is also made:   "There has never been any contention on the part of appellants that the rate of interest reserved in the note in question was not lawful under the Iowa law.   There is no question but that appellee would have been entitled to recover, on the trial of this suit, eight per cent interest, if he had averred in his declaration that under the law of Iowa such rate was allowable on a promissory note, and had, at the trial, proven the law."

The defendants did not offer any evidence, but objected to the introduction of the note, and asked an instruction that the plaintiff was not entitled to recover any interest.   Their objection was overruled and the instruction refused.   Their contention is, that the court erred in admitting the note and refusing the instruction because the plaintiff did not aver and prove the law of Iowa.   In this case, however, the burden of averring and proving that law did not rest upon the plaintiff.   The rule as laid down in the decisions is, that he who relies upon a foreign law, either to recover or to defend, must plead and prove such law as any other fact.   If a note or contract governed by the law of another State provides for the payment of interest, and a recovery is sought for such interest, in order to make the defense that the agreement is invalid under such law such defense must be averred and proved like any other fact, for the reason that our courts cannot judicially know what such foreign law may be.   If, however, the plaintiff seeks to recover

interest, not by virtue of a contract, but by reason of a foreign law allowing the same, he must aver and prove such foreign law upon which he relies to establish his right. (*Chumasero* v. *Gilbert*, 24 Ill. 293 and 651; *Mason* v. *Dousay*, 35 id. 424; *Deem* v. *Crume*, 46 id. 69; *Miller* v. *Wilson*, 146 id. 523; *Morris* v. *Wibaux*, 159 id. 627.) In this case plaintiff sought a recovery for interest by virtue of a contract, and not by virtue of the laws of the State of Iowa, and if there was any infirmity in that contract under those laws, the defendants could only avail themselves of such defense by averring and proving that law. But in this case it is expressly admitted that the contract is valid under such law, and when plaintiff offered proof of the law of Iowa, defendants objected and the evidence was excluded on such objection. The court did not err in admitting the note or refusing the instruction.

The note contained an agreement that if it should be collected by an attorney a reasonable amount should be allowed as an attorney's fee, and taxed with the costs in any suit brought thereon. The court admitted, against the objection of defendants, evidence of what would be a reasonable attorney's fee for collecting the note, and refused to instruct the jury that such fees could not be recovered in the suit. The court was in error, since, if plaintiff was entitled to recover any attorney's fee, it was not due when the suit was brought and could not be included in the same action. (*Nickerson* v. *Babcock*, 29 Ill. 497; *Easter* v. *Boyd*, 79 id. 325.) But this error was cured by a *remittitur* of an amount exceeding the evidence of what would be a reasonable fee, and the judgment which was entered was less than the amount of the note and interest.

The judgment will be affirmed.

*Judgment affirmed.*