# Louisa Schotte v. F. W. Puscheck and W. H. Puscheck.

1. STATUTE OF FRAUDS—*Collateral Promises.*—In order that a collateral promise can be held within the statute of frauds, it is essential that there be a binding and subsisting obligation or liability to which the promise is collateral. The party for whom the promise is made must be liable to the party to whom it is made.

2. SAME—*Application of the Statute.*—The statute applies only to promises made to the persons to whom another is, or is to become, answerable.

3. SAME—*When Not Necessary to Plead It.*—Where the common counts only are filed as a declaration it is not necessary to plead the statute of frauds specially.

4. APPELLATE COURT PRACTICE—*Motions for New Trials Must Appear in the Abstracts.*—Where it does not appear that any points in writing specifying the grounds of the motion for a new trial were filed, upon the hearing of the motion in the trial court, the Appellate Court will presume that none were filed. Upon this condition of the record exceptions to the instructions are available on appeal.

5. EVIDENCE—*Improper to State the Contents of Books.*—It is error to allow a bookkeeper of a party litigant to testify, over objection, to the contents of the ledger kept by him in his employer's business. If the books are shown to be admissible as books of original entry, their admissibility does not warrant the permitting of the witness to state their contents instead of offering the books in evidence.

Assumpsit, for merchandise sold and delivered. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed November 18. 1898.

EDWIN F. ABBOTT, attorney for appellant.

STEELE & ROBERTS, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

This action was brought to recover for groceries and meats sold and delivered to one Victor Wilmot. There was no claim made that the appellant, Mrs. Schotte, ever received any of the goods. The appellee's claim was based entirely upon the alleged promise of appellant to pay for

the goods which were sold to Wilmot. The common counts only were filed.

The evidence was conflicting. The court instructed the jury in effect that if appellant, Mrs. Schotte, agreed to pay for the goods if the Wilmots did not pay, then the verdict should be for the plaintiffs (appellees). This instruction, upon the facts here, was erroneous. It appears clearly from the evidence presented that there was an original undertaking by Wilmot; that credit was given to him; that he was charged with the account, upon the books of appellees, and that a legal obligation, capable of being enforced by law, existed on the part of Wilmot to pay appellees for these goods. The undertaking of appellant, if any, was collateral, and the statute of frauds would apply. The instruction of the court which told the jury that upon the state of facts plaintiffs might recover without question as to the undertaking of appellant having been in writing, was erroneous. Resseter v. Waterman, 151 Ill. 169.

In this case the court said : " In order that the promise can be held to be within the statute it is essential that there be a binding and subsisting obligation or liability to the promisee, to which the promise is collateral. In other words, that the party for whom the promise has been made must be liable to the party to whom it is made. * * * The statute applies only to promises made to the persons to whom another is already or is to become answerable."

In this case Wilmot was answerable to the promisees (appellees), and the undertaking of appellant, if any, was collateral thereto.

The common counts only having been filed as a declaration, it was not necessary to plead the statute of frauds specially. Durant v. Rogers, 71 Ill. 121; Berkowsky v. Viall, 66 Ill. App. 349.

It is urged by appellees that no specific objection to the instruction is shown to have been made upon motion for a new trial. Both appellant and appellees filed abstracts of the record. In neither does it appear that any points in writing specifying the grounds of the motion were filed

upon the motion for a new trial. We presume, therefore, that none were filed. Upon this condition of the record the exception to the instruction is available here. The O., O. & F. R. V. R. R. v. McMath, 91 Ill. 104.

A bookkeeper of appellees was allowed to testify over objection to the contents of the ledger kept in appellees' business. This was error. If the books which were produced had been shown to be admissible as books of original entry, their admissibility would not warrant the permitting of the witness to state their contents instead of offering the books in evidence.

The judgment is reversed and the cause remanded.