## Frank D. Hyde v. The Casey-Grimshaw Marble Company, for the use of E. A. Sherburne, etc.

1. JUDGMENTS—*On Joint Obligations.*—The obligation of a partnership is joint, and not affected by the statute, R. S., Chap. 76, Sec. 3, entitled "Joint and Several Obligations." To warrant a judgment, all the members must be before the court.

2. SAME—*Against a Partnership.*—To warrant a valid judgment in attachment and garnishment proceedings against a partnership, the members of the firm must be sued jointly and all of them served with process, or be before the court.

Attachment and Garnishment Proceedings.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge

presiding. Heard in this court at the October term, 1898. Reversed. Opinion filed March 10, 1899.

F. W. BECKER and DALE & FRANCIS attorneys for appellant.

E. A. SHERBURNE, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

E. A. Sherburne sued appellee in attachment, and William Grace and Frank D. Hyde, partners, under the firm name of Grace & Hyde, were named in the writ of attachment as garnishees. Frank D. Hyde only was served. Hyde, in his answer to interrogatories propounded to him and Grace as garnishees, admitted that Grace & Hyde, as partners, were indebted to the marble company, the defendant in attachment, in the sum of $822.47. Such proceedings were had in the suit that November 11, 1893, judgment was rendered against the marble company for $886.38 by default, from which $314.10 was subsequently remitted, and June 7, 1898, judgment was rendered in favor of the marble company against Hyde alone, for the sum of $822.48, $704.14 of said amount being for the use of Sherburne, and the residue for the use of the marble company. In Grace v. Grimshaw Marble Co., 62 Ill. App. 149, the judgment appealed from was against both Grace and Hyde, and the court held that it was void as against Grace for want of jurisdiction as to him, he not having been served, and that the judgment being a unit, if it was bad as to Grace it was also bad as to Hyde. Appellee's counsel now contends that "as Hyde only was served and Grace did not appear, the court had power to proceed against Hyde alone," citing Courson v. Browning, 86 Ill. 57. That was a suit on a bond, and a bond is, by virtue of section 3, of chapter 76 of the statutes, a joint and several obligation; but the obligation of the copartnership, Grace & Hyde, is a joint obligation, and not affected by the statute. It is an obligation of such character that, to warrant a judgment, all of the defendants must be before the court. In the case at bar it was neces-

sary, to warrant a judgment, that the original attachment writ should have been served on both Hyde and Grace, because the statute authorizing a summons in the nature of a *scire facias* to make one a party to a judgment, has no application to such a case as the present.    Sandusky v. Sidwell, 173 Ill. 493.

The appellee could only recover against Grace & Hyde by suing them jointly, and the plaintiff in the attachment occupies the same position as would the appellee if it voluntarily sued Grace & Hyde.

The judgment will be reversed.