## Phillip L. Raphael v. Elias Hartman, A. Goldsmith and C. Porges.

1. PRACTICE—*When the Plaintiff is Entitled to Have His Case Sub-
mitted to a Jury.*—Where the evidence is sufficient to make a *prima
facie* case, the plaintiff is entitled to have his case submitted to a jury
unless, as in this instance, the contract was void for want of mutuality,
or comes within the statute of frauds.

2. SAME—*Where Only One of Several Copartners Are Served with
Process.*—The court is inclined to the opinion that Sec. 9, Chap. 110, of
the Practice Act, Rev. Stat. of 1897, allows a plaintiff to proceed to
judgment where one of several copartner defendants in a case, is served
with process, and the others reside beyond the jurisdiction of the court.

3. CONTRACTS—*When Mutual—Construction.*—A contract is mutual
when it is an undertaking by a person on the one part to devote his time,
energy and attention for a specified period to the sale of the goods of his
employers, and in consideration of that undertaking they, on their part,
agree to pay him his salary and traveling expenses, and none the less so,
because it is not signed by the salesman if he accepts it and works under
it until discharged.

4. SAME—*When Not Within the Statute of Frauds.*—A contract in writing between a firm of merchants and a salesman, signed by the firm but not by the salesman, is nevertheless sufficiently signed by the party to be charged to save it from the effect of the statute of frauds.

5. SAME—*Made in New York.*—A contract made in New York for the payment of money must be construed according to the laws of New York, and it will be presumed in the absence of a showing to the contrary that it was lawful where made.

6. EVIDENCE—*Where One Party Offers Part of a Letter the Other is Entitled to the Whole.*—Where one party to a suit offers in evidence part of a letter written by the defendant to him, if the defendant desires the whole letter in evidence. it is his right when he comes to his defense, but he can not compel the plaintiff to offer as his evidence the whole of the letter in order for him to have the benefit of any admission which it contained.

Assumpsit, on a contract in writing. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed February 26, 1900.

ROSENTHAL, KURZ & HIRSCHL, attorneys for plaintiff in error.

B. M. SHAFFNER, attorney for defendants in error.

MR. JUSTICE WINDES delivered the opinion of the court.

April 10, 1896, at the city of New York, Hartman, Goldsmith & Co., a partnership composed of Elias Hartman, A. Goldsmith and C. Porges, employed plaintiff in error as a traveling agent for the sale of their imported and domestic goods for the cities of the United States, and entered into a contract in writing for that purpose, by which they agreed to employ him "for a period of one year, commencing April 11, 1896," at a salary of $2,500 per annum, payable every first day of each month, and such necessary traveling expenses as might arise. Said Raphael, by the contract, which was signed only by Hartman, Goldsmith & Co., agreed that he would devote all his time, energy and attention exclusively to the sale of said goods, and at all times guard the interests of his employers to the best of his knowledge and ability.

Raphael received the contract from Hartman, Goldsmith & Co., left New York, came to Chicago and started to work for the firm, and continued to work until about October 15, 1896, when he was discharged, as the evidence tends to show, without any just cause. Thereafter, on March 11, 1897, he brought suit in the Cook County Circuit Court against Hartman, and thereafter amended his declaration by making both Goldsmith and Porges defendants, but service was had only upon Hartman. The defendants reside in the city of New York, where the contract was made. The declaration is composed of a special count on the contract, alleging its breach by the defendants by discharging him without cause, and also the common counts. Hartman pleaded the general issue, and also a special plea, in substance, that plaintiff had obtained the contract by fraudulent representations, setting out the same, on which issue was joined.

At the close of plaintiff's evidence, the trial being before the court and a jury, a verdict was directed for the defendant by the court, for the reason that the contract was not signed by the plaintiff, and that it came within the statute of frauds, it not being a contract to be performed within one year.

The evidence was sufficient to make a *prima facie* case for the plaintiff, and entitling him to have it submitted to a jury, unless it could be said that the contract was void for want of mutuality, or because it came within the statute of frauds.

The contract is, in our opinion, mutual, because it is an undertaking by Raphael on the one part to devote his time, energy and attention for the period specified to the sale of the goods of his employers, and in consideration of that undertaking they, on their part, agree to pay him his salary and traveling expenses. The contract is none the less mutual because it is not signed by Raphael, for the reason that he accepted it, and worked under it until he was discharged. Sellers v. Greer, 172 Ill. 549; Vogel v. Pekoc, 157 Ill. 339; Morris v. Taliaferro, 75 Ill. App. 182, and cases there cited; Brown on the Statute of Frauds, Sec. 345 A.

The contract being in writing, and signed by Hartman, Goldsmith & Co., and having been accepted by Raphael and acted upon by him, was clearly not within the statute of frauds. It was signed by the party to be charged. Rev. Stat. 1897, Chap. 59, Sec. 1; Farwell v. Lowther, 18 Ill. 255.

The point is made that the defense of the statute of frauds could not be interposed unless it was pleaded, which was not done. This position is not tenable for the reason that when the declaration contains the common counts, as is the case here, it is unnecessary to plead the statute of frauds in order to present it as a defense. Durrant v. Rogers, 71 Ill. 121; Schotte v. Puscheck, 79 Ill. App. 31; Wickam v. Bldg. Ass'n, 80 Ill. App. 523.

But if this contract is within our statute of frauds, that would not avail defendants, because it was made in New York, and being for the payment of money it must be construed according to the laws of New York. It will be presumed, in the absence of a showing to the contrary, that the contract in question was a lawful one in New York, there being no proof before the court of any statute of that State which would render it invalid. Miller v. Wilson, 146 Ill. 523, and cases there cited.

Counsel for plaintiff offered in evidence a part of a letter written by the defendants to the plaintiff, tending to show his discharge. Objection was made because the whole of the letter was not offered, and the objection sustained. This, in our opinion, was error. If the defendants desired the whole letter in evidence, that was their right when they came to their defense, but they could not compel the plaintiff to offer as his evidence the whole of the letter in order for him to have the benefit of any admission which it contained. Imperial Hotel Co. v. Claflin, 55 Ill. App. 339; Watson v. Winston, 43 S. W. Rep. 852; 1 Jones on Evid., Sec. 296 ; Greenleaf on Evid., Sec. 201, and note ; Heinsen v. Lamb, 117 Ill. 549–56.

The claim is made on behalf of defendant in error that inasmuch as the defendants Goldsmith and Porges were not served with process and were not before the court, no

judgment could be rendered against ·him; citing Sandusky v. Sidwell, 173 Ill. 493, and Hyde v. Casey, etc., Co., 82 Ill. App. 83.

We are inclined to the opinion that Sec. 9, Chap. 110 of the Practice Act, Rev. Stat. of 1897, allows plaintiff to proceed to judgment where one of several copartners, defendants in a case, is served with process, and the others reside beyond the jurisdiction of the court. Johnson v. Buell, 26 Ill. 66; Pierson v. Hendrix, 88 Ill. 35; Fender v. Stiles, 31 Ill. 460; Berry v. Krane, 46 Ill. App. 82.

In the Sandusky case, *supra*, it appears that the partners were both living and within the jurisdiction of the court. In the Hyde case the record shows the same situation, though that fact does not appear in the opinion. The Hyde case, as to this point, was decided solely upon the authority of the Sandusky case, and we are inclined to the view that the decision in that case will not be extended by the Supreme Court to cases not falling strictly within the facts which the court then had under consideration. We are informed that a rehearing has been allowed in the Hyde case, and it is still pending in the Supreme Court. This question is unnecessary to be decided, and we do not decide the point for the reason that, for the errors indicated, the judgment must be reversed and the cause remanded, and before another trial the other defendants may be brought before the court. Reversed and remanded.