## Charles Kling v. Stewart Taylor.

1. PRACTICE—*Suits Against Partners on a Partnership Contract.*— In a suit against partners on a partnership contract, judgment may be had against those served with process and a *scire facias* may be issued thereafter against those not served with process, to make them parties to the judgment.

Assumpsit.—Error to the Circuit Court of Cook County; the Hon.
ELBRIDGE HANECY, Judge, presiding.   Heard in this court at the March
term, 1900.   Affirmed.   Opinion filed July 5, 1900.

WM. A. DOYLE, attorney for plaintiff in error.

ALDEN, LATHAM & YOUNG, attorneys for defendant in
error.

MR. JUSTICE WINDES delivered the opinion of the court.

Defendant in error, Taylor, brought suit in a justice
court against plaintiff in error, Charles Kling, and Olaf
Kling, copartners as Kling Bros., where he obtained judg-
ment against Charles Kling only, the other defendant not
being served with process.   On appeal to the Circuit Court
a trial before the court and a jury resulted in a verdict and
a judgment thereon against Charles Kling only, Olaf Kling
not appearing and not having been served.   The plaintiff
in error seeks a reversal of this judgment because the evi-
dence shows that the suit was upon a joint obligation of
both defendants as copartners, there being only one defend-
ant, the plaintiff in error, before the Circuit Court, and
cites in support of this contention the case of Sandusky v.
Sidwell, 173 Ill. 493, and Hyde v. Casey-Grimshaw Marble
Co., for use, etc., 82 Ill. App. 83.

The latter case was decided upon the authority of the
Sandusky case, and has been reversed by the Supreme
Court in an opinion filed on the 17th day of April, 1900,
not yet reported, in which the Sandusky case is modified in
so far as it sustains the contention of plaintiff in error, and
holds that in a suit against partners on a partnership con-
tract, judgment may be had against those served with
process and a *scire facias* may be issued thereafter against
those not served with process to make them parties to the
judgment.

Our statute (Hurd's Rev. Stat., 1895), Chap. 79, Secs. 44
and 45, allows the same method of procedure before a jus-
tice of the peace as indicated by the Supreme Court in the
Hyde case, *supra*, that is, to proceed to a judgment against

the defendant or defendants served, and afterward a *scire facias* against those not served, to make them parties to the original judgment.

Plaintiff in error shows no other reason why the judgment against him should be reversed, and it is therefore affirmed.