Joseph E. Forsyth et al. v. J. D. Barnes, Receiver.

Gen. No. 13,038.

1. GENERAL ISSUE—*what plea of, in action of debt upon judgment.* In an action of debt predicated upon a judgment, the plea of *nul tiel* record is the plea of the general issue.

2. NUL TIEL RECORD—*what evidence admissible under plea of.* Under a plea of *nul tiel* record interposed to an action of debt upon a judgment, a defense of disabling coverture is competent.

3. CONTRACT—*what law determines validity of.* The validity or non-validity of a contract is determined by the law of the place of making or performance.

4. JUDICIAL NOTICE—*of what not taken.* Judicial notice will not be taken of the laws of a sister state.

5. SISTER STATE—*presumption as to law prevailing in.* In the absence of proof, the general rule is that the presumption will be indulged that the common law prevails in a sister state.

6. SISTER STATE—*when presumption that common law prevails in, will not be indulged.* Even in the absence of proof as to what the law of a sister state is, it will not be presumed that a married woman is subject to the disabilities imposed by the common law with respect to the making of contracts.

Action in debt. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed February 18, 1907.

ROSENTHAL & HAMILL and CHARLES H. PEASE, for appellants.

JOHN W. CREEKMUR and RUFUS COPE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The plaintiff in this suit instituted an action in debt against the defendants in the Superior Court, founded upon a judgment for $2,558.10, entered in the Court of Common Pleas, of the First Subdivision of the Third Judicial District of Ohio on January 2, 1905, by confession under a warrant of attorney executed by both defendants, the judgment being in favor of plaintiff and against both defendants. The declaration is in debt in the usual form counting upon the judgment, to which defendants both pleaded several matters in defense, but as the only material question raised and permissible under the evidence arises under the plea of *nul tiel* record, it is unnecessary further to refer to the pleadings.

The evidence introduced in the trial court on the part of plaintiff was a duly exemplified transcript of the

judgment of the Ohio court, and on the part of the defendants the evidence of the defendant Anna M. Forsyth that she was a married woman at the date of the note and power of attorney, the wife of her co-defendant, Joseph E. Forsyth, to whom she was married in the year 1876, and whose wife she ever since has been.

The trial was before the court with a jury. At the conclusion of all the testimony the trial court, after overruling motions of the defendants at the close of the plaintiff's proof and again at the close of all the evidence, to instruct the jury to find a verdict in favor of each defendant, said motions being offered separately for each defendant, with an appropriate instruction, did, on the motion of plaintiff, instruct the jury in writing to find the issues in favor of plaintiff in the amount of $2,558.10 for his debt and $117.55 for his damages, which the jury accordingly did. Defendants, after excepting to the foregoing rulings and actions of the court, moved for a new trial and in arrest of judgment, both of which motions being overruled and a judgment upon the verdict entered, the defendants preserved an exception to the actions of the court in overruling the motions for a new trial and in arrest of judgment, and in entering judgment upon the verdict, and having prayed and perfected an appeal to this court, assign errors upon the record, asking a reversal of the judgment.

The note, with power of attorney, in authority of which the judgment was confessed, is in the record, and an examination of it discloses that it is dated at "Sidney, Ohio, Nov. 9th, 1892," and payable at the German American Bank, Sidney, Ohio; so that upon its face it would indicate that it is a contract made and to be performed in the State of Ohio. There is nothing in the record as to the domicile of the defendant Joseph E. Forsyth, but it is disclosed thereby that process in this cause was served upon the defendant Anna M. Forsyth in Cook county; so that lacking evidence to the

contrary, the presumption of law obtains that Cook county is the domicile of Mrs. Forsyth.

The whole defense to this action is based upon the proven fact that the defendant, Anna M. Forsyth, is a married woman, and was such at the time of the making and delivery of the note and power of attorney in question. That by the rule of the common law it is contended her execution of these documents is without force and a nullity. That by the common law her liability must be determined.

It is first insisted that the coverture of the defendant, Anna M. Forsyth, is not in issue under the pleadings and issue joined. True it is that this fact is not put in issue by any special plea, so that if it is an issue here it arises under the plea of *nul tiel* record, which is regarded as tantamount to a plea of the general issue in an action of debt upon a judgment.

We are inclined to the opinion that the coverture existing at the time of the making of the contract, as well as at the time of the entry of the judgment in Ohio, that such fact need not be pleaded specially, and that evidence thereof was properly admissible under the plea of *nul tiel* record. The contrary rule, however, would prevail had the coverture arisen after the making of the contract in suit, which, to avail as a defense, would have to be pleaded specially. Streeter v. Streeter, 43 Ill. 155.

In 1 Chit. Pl., 437, it is stated that under a plea of general issue various matters may be given in defense which in effect admit the original cause of action, such as a denial that a contract was obligatory upon the defendant, or that at the time of entering into the contract defendant was under some legal disability such as infancy, coverture, and the like, such defenses tending to show that no cause of action existed.

The court held in Thomas v. Lowy, 60 Ill. 512, that a note similar to that of defendants here, upon which judgment was confessed, was void as to the wife, and that evidence of her coverture at the time of executing

the note was proper to be admitted under the general issue. It undoubtedly is the law that the validity or not of a contract depends on the law of the place where it was either made or is to be performed. In the condition of this record it would seem the liabilities of defendants upon their contract here involved must be maintained, if at all, by the laws of Ohio, and the limitations of judicial inquiry as to what is the law of Ohio, of which we are permitted to take cognizance and formulate our judgment.

Defendants have fairly stated the situation on this question in their reply brief thus: ''In the case at bar the plaintiff's cause of action being based upon the note and power of attorney executed in the State of Ohio, he must rely upon the law of that state to maintain his suit, just as much as the defendants rely on that law for their defense.'' The record, however, fails to disclose any reference to any particular law of Ohio governing this case. It is too well settled to need citation of authorities to support the position, that the several states of the Union being foreign to each other, the courts of one state do not take judicial notice of the laws of a sister state, but that such laws, if relied upon, must be proven in the same manner as any other fact material to be sustained by proof.

In Dempster v. Stephen, 63 Ill. App. 126, it was held that where there was an absence of proof of the laws of the place governing the contract in suit, the common law will be assumed to prevail. The trend of authority in this jurisdiction is, in brief, that the courts will take judicial notice that a foreign state has the same fundamental system of law as our own, and that the burden of proving to the contrary rests upon the party asserting it. The fundamental law of Illinois is the common law except where the system of law is in conflict with the constitution or statute law of the state, and we will therefore assume such is the legal fabric of the state of Ohio. It therefore follows that we are limited in this assumption—there being

no evidence to the contrary—that the common law prevails in Ohio as the fundamental law governing its courts and its people. Our view thus expressed will be broadened in some respects by reasoning indulged in interpretation and application.

At the common law the contracts of a *feme covert* are void. Thus defendants contend that by force of the common law the contract of Mrs. Forsyth is likewise void, and the judgment rendered thereon by the Ohio court against both defendants a nullity.

Full faith and credit under the federal constitution and the comity of States ought to be and is given to the judgment of all courts, and an exemplification of the judgment of the courts of another state bears with it in the first instance a presumption of its authenticity and of the jurisdiction of the court to render it, and this presumption obtains until overcome by proof sufficient to repel it.

In the judgment here attacked is this finding: "* * * And by virtue of the warrant of attorney annexed to the note attached to the petition in said case shown to be duly executed by said defendants * * *"

In Callen v. Ellison, 13 Ohio, 446, the court said in reference to a finding in the judgment record similar to this, and where, as here, it was sought to have the judgment vacated and declared void by reason of the coverture of the defendants: "Now this finding not only entirely fails to show a want of jurisdiction, but shows its existence in positive and direct terms. Had such an application—that is, an application to the court by which the judgment was rendered—been made and had it been shown that by mistake or inadvertence a judgment had been rendered against parties who had not executed the power of attorney, or who were married women, there can be no doubt the judgment would have been set aside." McCurdy v. Baughman, 43 Ohio, 78.

It was again formulated as the law of Ohio in Hart

v. Manahan, 70 Ohio, 189, that within that jurisdiction such a judgment as here under review, even where a defense of coverture might prevail against the action, if interposed, was a voidable and not a void judgment. This case was a bill to enjoin the prosecution of a suit instituted in the courts of the State of New York to enforce a judgment of the Court of Common Pleas of Lucas county, Ohio. The questions here are similar to the questions there raised. The original judgment of the Ohio court was upon a note made by a married woman, a resident of Ohio, and the judgment was sought to be annulled on the ground of her coverture at the time. The court in its opinion say: "In her suit to enjoin, which we have under consideration, the judgment debtor attempts collaterally to impeach the judgment. No fraud or collusion in obtaining it is alleged and, as before stated, the question of excess through mistake failed of proof in the court below. So if we concede that the proper judgment was not rendered on the note, yea, more, that it was error to render it, can the judgment debtor cure the error by this collateral attack? We think not. The judgment may be erroneous, but it is not void. Callen v. Ellison, 13 Ohio St., 446." The court also cites in support of its judgment McCurdy v. Baughman, *supra,* saying: "The first question, namely, whether such judgment is void, is very distinctly answered in the negative by Cullen v. Ellison, 13 Ohio, 446." And again: "In McCurdy v. Baughman the record of the justice was silent upon the subject"—coverture. "But the fact that Mrs. Manahan was a married woman without estate did not render a judgment void which ignored the marriage relation and absence of a separate estate. At most such judgment was voidable. Hence the force of McCurdy v. Baughman, *supra,* as authority in the case before us." It follows if the judgment of the Ohio court is not void, but only voidable, then in order to avoid it, application must be made to the Ohio tribunal to remedy its error, if any it has committed.

It cannot be attacked collaterally in an action to enforce it in the forum of this state. In Hakes v. Bank of Terre Haute, 164 Ill. 273, it was claimed that the note sued upon, which was made in Indiana, was not by the law of that state negotiable, and that because the declaration failed to contain an averment that it was negotiable under the laws of Indiana no cause of action was stated, but the court held the declaration to be sufficient, and that the note was admittedly negotiable under the laws of this state, and said (p. 275) that "it was not incumbent upon the plaintiff to aver that the note is negotiable and transferrable by indorsement under the laws of Indiana in order to show a right of action in himself. If the plaintiff could not maintain an action in his own name under the laws of that state, this was matter of defense which should have been pleaded and proven like any other fact. Roosa v. Crist, 17 Ill. 450; Smith v. Whitaker, 23 id. 367; Chumasero v. Gilbert, 24 id. 651; Miller v. Wilson, 146 id. 523."

The holding in Juilliard v. May, 130 Ill. 87, that "in the absence of any allegation or proof of a statute we must presume either that the common law obtains in New York, or else that the laws of that state are similar to the laws which prevail in this state where the action was tried," while not altogether satisfactory in its diametrically opposed presumptions, yet as either of them necessitated a like holding, and the ultimate result was the same in the case then before the court, there may be extracted from it a disposition of the court to apply either standard which would most nearly accord with the law of this forum and tend to sustain the judgment of the foreign state. This conclusion finds support in the decision of Strauss v. Exchange National Bank, 72 Ill. App. 314, in which this court held that "in the absence of any proof as to what the law of New York is, we must presume it is the same as the law of Illinois, which we have seen sus-

Forsyth v. Barnes.

tains the judgment of the County Court in allowing the defendant in error credit for the draft.''

In this age of the emancipation of woman from the restraints of the common law, which construed every contract entered into by a *feme covert* as made under the duress of her husband, and where that rule has been abrogated by the statutes of parliament in the country where the common law originated, and especially in the light of the fact of which the court—presumably not being less informed than others who study the march of and changes in the laws of the land in keeping with modern conditions and the demands of an enlightened and progressive people—will take judicial notice, this court will not' assume that the common law as applied to *femes covert* in matters of her right to make and be bound by her contracts, still obtains unchanged in any state of the Union. That such condition may prevail in some of them, however improbable, is not impossible, but when it is sought to invoke this ancient and practically obsolete doctrine in this forum, with the object in view of annulling the well-considered judgments of the courts of another state, it will be deemed necessary both to plead and prove such to be the law of the state where the contract was made, and whose judgments are sought to be enforced in our courts.

It is not far from a correct statement to say that in no jurisdiction whose system of jurisprudence is founded on the common law, are the rights, obligations and disabilities of married women measured or controlled by the common law, the doctrine of which is that during coverture the civil existence of the wife, for many purposes, is merged in that of her husband.

It is not inappropriate here to observe that wherever in the states of this Union the common law prevails, it is by force of the organic or statute law. The common law may not be regarded as an heritage, but as an adoption wherever found. And it is equally a matter for judicial cognizance that wherever the com-

mon law has been adopted into the fundamental judicial polity of a state, it has been so done under restrictions and limitations.

The following from Chumasero v. Gilbert, 24 Ill. 293, is pertinent: "When a foreign law is relied upon, either for the recovery of a right or as a defense, the law must be pleaded and proved." Also Miller v. Wilson, 146 Ill. 523, where the court said: "A contract made in another state or in a foreign country will be presumed to be made in accordance with the laws of the place of its execution, and a violation of those laws, if relied on as a defense, must be pleaded and proved." Raphael v. Hartman, 87 Ill. App. 634.

We hold that the judgment of the Ohio court here sought to be annulled is not a void judgment, notwithstanding it may be voidable. That under the full faith and credit clause of the federal constitution, which requires full faith and credit to be given by the courts of one state to the judgments of the courts of the other states of the Union, the Ohio judgment here attempted to be impeached cannot in the face of its express findings be held to be void on the assumption that the common law prevails in that state, and consequently the contract of Mrs. Forsyth in making the note and warrant of attorney upon which the judgment is founded, is, as to her, void.

The judgment of the Superior Court is affirmed.

*Affirmed.*