(No. 1632—

UNION CENTRAL LIFE INSURANCE COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1934.*

BROWN, HAY & STEPHENS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed August 6, 1930 and is for a refund of certain privilege taxes paid by claimant and including $2,739.26 for the year 1925, $4,009.81 for the year 1926, $6,003.21 for the year 1927 and $9,298.34 for the year 1928, a total of $22,050.62 alleged to have been paid as a tax on insurance premiums on policies written by claimant and re-insured by it, plaintiff claiming that such additional tax so charged on re-insurance premiums in excess of the maximum amount chargeable under the Ohio basis for the four years in question, amounted to $22,050.62; that in addition thereto was an item of $6,877.76 alleged to be due claimant as a refund of one-half of one per cent on $1,375,552.00, the amount of premiums collected in Illinois from January 1, 1927 to May 24, 1927, the complaint being that the Insurance Division of Illinois computed the amount of tax for said period at the rate of three per cent, instead of two and one-half per cent, which was a mistake of fact as to the foreign law.

Claimant was incorporated under the laws of the State of Ohio, and was licensed to do business in the State of Illinois. Under the provisions of Section 2 of the Act in relation to the taxation of non-resident corporations, it is provided that if the laws of another state require of insurance companies license fees on a rate which will produce amounts greater than would be produced under the regular provisions of Section 1 of said Act, etc., then such insurance companies shall be required to pay a tax in Illinois on the same basis as is imposed by the laws of that State upon similar insurance companies organized under the laws of Illinois. Immediately prior to May 24, 1927, the laws of Ohio required a payment of two and one-half per cent (2½%) of the balance of the gross amount after deducting return premiums, etc. On the above date, the Ohio law was amended to provide for a rate of three per cent (3%). The claim of plaintiff for a refund of $6,877.76 is made for the reason that the Insurance Division of the Department of Trade and Commerce of Illinois computed the amount of tax for the period from January 1, 1927 to May 24, 1927 at the rate of 3% under the theory that the amendment of May 24, 1927 was retroactive. Plaintiff avers that such construction or view by the said department was a mistake of fact as to the foreign

law and that it is entitled to a refund of one-half per cent on $1,375,552.00, being the amount of premiums collected in Illinois from January 1, 1927 to May 24th of that year.

As to the first portion of plaintiff's claim, i. e., the claim for refund of $22,050.62 for additional tax charged on reinsuring premiums, the court holds that the objection by the Attorney General is well founded. The Illinois Supreme Court, in the case of *Union Central Life Insurance Company* vs. *Lowe, Director, etc.*, 349 Ill. 464, refused to sustain this contention when raised by the Company in litigation relative to the tax for the years 1930 and 1931. This decision, as conceded by plaintiff, disposes of plaintiff's contentions as to the items contained in its claim of $22,050.62, and this portion of plaintiff's claim is therefore denied.

In regard to the remaining item of plaintiff's claim, i. e., that of $6,877.76 it appears that the tax was fixed by the Superintendent of Insurance of Illinois for the year from January 1, 1927 to December 31, 1927 under the provisions of Section 2 of the Act in question (Cahill Ill. Rev. Statutes, 1933, Chapter 73, Paragraph 80), using the Ohio rate because it was higher than the Illinois rate and making his calculation at 3% for the entire year under the belief that the Ohio Law, which became effective on May 24, 1927, was retroactive. Claimant paid the taxes assessed, which amounted to $104,599.26. Subsequently thereto, the Supreme Court of Ohio held that the amendment of May 24, 1927, changing the Ohio rate from 2½% to 3% was not retroactive and that 3% rate did not become effective until May 24, 1927. (*Safford* vs. *Met. Life Ins. Co.*, 119 Ohio State 332.) If the claimant had been taxed at 2½% from January 1, 1927 until May 24, 1927 and at 3% for the balance of the calendar year of 1927, its tax would have been $97,721.50, or a difference of $6,877.76, being the amount now claimed by plaintiff.

"When a franchise or privilege tax has been erroneously calculated by the taxing officer, recovery will be allowed for the amount illegally collected."

*Holland Butter Co.* vs. *State*, 6 C. C. R. 512.
*Cairo Water Co.* vs. *State*, 7 C. C. R. 6.
*Liquid Carbonic Co.* vs. *State*, 5 C. C. R. 390.

"The determination as to what is the foreign law is a question of fact and not of law."

*Dearlove* vs. *Edwards,* 166 Ill. 619.
*Marshall* vs. *Coleman,* 187 Ill. 556.

The court is not unmindful of the views expressed in the case of the *Ohio Casualty Ins. Co.* vs. *State,* 6 C. C. R. 504, and of other cases wherein a more strict view has been taken of the rights to an award and a recovery of franchise and privilege taxes, but regarding the facts herein as showing that the payment made was in truth made under a mistake of fact upon the part of the Insurance Department of the State, plaintiff seems to be entitled to a recovery. The court is aware of no theory upon which the allowance of interest could be made, and an award will therefore be allowed the plaintiff for the sum of $6,877.76.